CHARLES ·CAMPBELL v. H. C. REESE.

No. 368.*

1. PRACTICE, DISTRICT COURT—*Extension of Time to Make Case.* Where an order states "that for good cause shown" the time for making a case is extended, it will be presumed that "good cause" was shown, although the record states that the time was extended "without any formal application—simply a request by letter."

2. EVIDENCE—*Payments—Variance.* Where it is alleged in an answer that certain payments were made on the 6th day of February and on the ¿3d day of June, 1894, and the proof shows that the payments were made by the same persons and in the same year as alleged, but on the 23d day of July, *held*, that the variance is not error.

3. STOCKHOLDERS' LIABILITY—*Payment to Bona Fide Creditors—Notice of Suit.* Where a stockholder paid to *bona fide* creditors of an insolvent bank a sum in excess of his statutory liability, after a petition had been filed and summons issued against him, but before service of the summons on him, *held*, that, in the absence of actual notice, the notice imparted by the record is not sufficient to bind the stockholder.

4. ———— *Payment by Promissory Note.* Where a stockholder pays a *bona fide* claim against an insolvent bank and, as part payment, executes his promissory note, which is accepted by the creditor as payment, and it clearly appears from the record that the transaction was done in good faith, *held*, that, in an action to recover on the statutory liability of the stockholder, he may plead and prove such payment as a defense.

Error from Linn district court; J. S. WEST, judge. Opinion filed March 15, 1899. Affirmed.

*Stebbins & Evans*, and *John W. Poore*, for plaintiff in error.

*Snoddy & Snoddy*, for defendant in error.

* Petition for order to certify denied by supreme court May 11, 1899.—REP.

The opinion of the court was delivered by

SCHOONOVER, J.: The record in the case contains the following:

"The plaintiff was given sixty days in which to make and serve a case for the court of appeals, and the defendant ten days thereafter in which to suggest amendments thereto; said cause to be settled on ten days' notice.

" Thereafter, and before the expiration of the sixty days, upon application duly had, said time to make and serve a case for the court of appeals was by the court duly extended to the 1st day of October, 1895.

"Thereafter, and before the 1st day of October, 1895, upon application duly had, said time to make and serve a case for the court of appeals was duly extended to the 1st day of November, 1895.

" Thereafter, on October 26, 1895, on the request of plaintiff, the following chambers order was made — without any formal application—simply a request by letter:

" 'Now, on the 26th day of October, 1895, for good cause shown, the time for making and serving a case for the court of appeals in the above-entitled cause is extended to December 1, 1895.

J. S. WEST, *Judge.*' "

Upon this record, the defendant in error filed a motion to dismiss, alleging that there had been no valid extension of time to any period after November 1, 1895. Section 590, chapter 95, General Statutes of 1897 (Gen. Stat. 1889, ¶ 4650), provides: " The court or judge may, upon good cause shown, extend the time for making a case . . ." What facts shall constitute " good cause " must be determined by the court or judge. The showing stated in the record is very meager, and we are doubtful as to its sufficiency, but the order shows a compliance with the statute. It will, therefore, be presumed that the time was extended "for good cause shown," although the record

states that the time for making and serving a case was extended "without any formal application — simply a request by letter."

This action was commenced by Charles Campbell in the district court of Linn county against H. C. Reese to recover on his statutory liability as a stockholder in the Citizens' Bank of Mound City. The defendant Reese answered, and alleged that he had paid to *bona fide* creditors of the bank a sum in excess of his liability as a stockholder.

Plaintiff in error contends that the trial court erred in permitting the defendant to prove payments made on different dates from those alleged in his answer. The payments alleged in the answer to have been made are as follows : February 6, 1894, to H. E. Burton, $979.46 ; June 23, 1894, to H. A. Strong, $470. The payments proved were made to the same persons, in the same year, but on the 23d day of July. This is not such a variance as will constitute error.

It is further contended that the payments made July 23 are not available as a defense. They were made after the petition had been filed and summons issued, but before service on the defendant. In the absence of actual notice, the notice imparted by the record is not sufficient to bind the defendant. In the case of *Marshall v. Shepard*, 23 Kan. 326, the supreme court said :

"The doctrine of *lis pendens* applies only in cases where the suit is about some specific piece of property, and then only to the extent of preventing a purchaser, *pendente lite*, from acquiring an interest in the thing in litigation, to the prejudice of the adverse party."

The last contention of plaintiff in error is that payment by a stockholder, by means of a promissory note, of a claim against the corporation, is not suffi-

cient to relieve the stockholder of his statutory liability. In the case of *Howell v. Manglesdorf*, 33 Kan. 197, 5 Pac. 761, the court said : " He may also set up as a defense, that he is discharged by having already paid the amount of his individual liability to other creditors of the corporation."

Payment, in this connection, cannot be used in its restricted sense ; that is, the discharge in money of a sum due. In this case it is disclosed by the evidence that *bona fide* claims against the insolvent bank were purchased by defendant in error. A part was paid in cash, and for the balance he gave a promissory note, which was accepted by the creditor as payment. From a careful reading of the evidence, we are satisfied that the whole transaction was for value and done in good faith. We know of no authority that will preclude the pleading and proof of such payment as a defense.

The judgment of the district court is affirmed.