W. A. MUNSON v. D. A. WARREN.

No. 12,317.   (65 Pac. 222.)

SYLLABUS BY THE COURT.

CORPORATIONS — *Liability of Stockholders — Lis Pendens.* Notwithstanding a petition has been filed and summons issued, but not served, in an action to charge a stockholder of a suspended corporation, yet the stockholder, with full knowledge of the proceeding, may discharge his statutory liability by payment to another creditor, or by giving his note, in good faith, in lieu of such payment. The question whether service would bind the stockholder to the suing creditor is reserved.

Error from Linn district court; J. S. WEST, judge. Opinion filed June 8, 1901.   Division one.   Affirmed.

Munson v. Warren.

*Stebbins & Evans,* and *John W. Poore,* for plaintiff in error.

*John C. Cannon,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The plaintiff in error was a creditor of the Citizens' Bank of Mound City, of which the defendant in error was a stockholder to the amount of $1500.   After the bank had suspended business for more than a year the plaintiff brought an action against the defendant to charge him on his statutory liability.   He filed his petition and caused summons to be issued and placed in the hands of the sheriff for service.   The defendant, upon ascertaining these facts, gave his note to another creditor of the bank in the full amount of his liability and pleaded the same as a defense to the plaintiff's claim.   The trial court held that the giving of the note was a discharge of defendant's liability.   From this ruling plaintiff brings the case to this court.

The first question for decision is whether a stockholder, after the commencement of an action against him and the issuing of summons in such action, but before service of the summons, can discharge himself from liability to the suing creditor by payment, to the amount of his double liability, to another creditor of the indebted corporation, he knowing that action had been commenced and summons issued.

In the case of *Campbell v. Reese,* 8 Kan. App. 518, 56 Pac. 543, the court of appeals held in a similar case, growing out of a suit against a stockholder of the same bank, where payments were made after the petition had been filed and summons issued, but before service of defendant, that in the absence of actual notice the notice imparted by the record is not sufficient

to bind defendant. It is contended that the defendant in this case, having actual notice of the commencement of the suit, was bound to the suing creditor. Upon this point we do not sustain the contention of the plaintiff in error. If the doctrine of *lis pendens* can be pleaded at all, which we do not decide, it can only be after service of summons on the defendant. The mere fact that the defendant had knowledge that the petition had been filed and summons issued would be of no significance or binding force. The summons might never be served. The information which he had received was unofficial and unauthorized.

The court is not wholly agreed as to when a stockholder would become bound to a plaintiff in such an action—whether he would be bound even by the service of summons ; but it is agreed that it would take, at least, service of summons, and we so decide without saying that such service would bind the defendant.

The court of appeals, in the case cited, held that the giving of a promissory note which was accepted by the creditor as payment, without suspicion of bad faith, discharged the statutory liability of the stockholder. We are agreed that this statement of the law is correct ; that while the giving of the note does not as a general proposition discharge the debt, yet the giving and acceptance of the note in the discharge of the stockholder's liability would relieve the stockholder from answering to other creditors. The record in this case discloses enough to establish the fact that the note was so given, and the court below so found and held.

Finding no error in the record, we direct that the judgment of the court below be affirmed.

JOHNSTON, GREENE, ELLIS, JJ., concurring.