C. P. RUSSELL *et al.* v. BRADLEY, WHEELER & Co.

1. OWNERSHIP — *Pleading and Proof.* A plaintiff alleging ownership of property at a certain time is not restricted, as to the evidence of such ownership, to the very day fixed in the petition, but may introduce evidence to establish ownership prior to the time stated in the pleading.

2. EVIDENCE — *Verdict.* The evidence considered, and found sufficient to sustain the verdict of the jury.

3. INSTRUCTIONS — *No Exception.* Instructions not excepted to will not be reviewed.

*Error from Sherman District Court.*

THE opinion states the facts. Judgment for plaintiffs, *Bradley, Wheeler & Co.*, at the October term, 1888. The defendants, *Russell* and another, bring the case to this court.

*Brown & Knight,* for plaintiffs in error.

*Bagley & Andrews,* for defendants in error.

Opinion by GREEN, C.: Bradley, Wheeler & Co. brought this action in the district court of Sherman county against C. P. and H. W. L. Russell, to recover the value of a frame building which, it was claimed, they had converted to their own use. The case was tried by the court and a jury, and the plaintiffs recovered a judgment for the sum of $350 against C. P. Russell. The material facts are: Bradley, Wheeler & Co. had an agent at Sherman Center by the name of Swayne, who had become indebted to them; and on the 13th day of

August, 1887, he executed to them a mortgage upon some town lots in Sherman Center, upon which stood the frame building in controversy. In the month of December, 1887, Swayne, without the knowledge of the plaintiffs, moved the building from Sherman Center to Goodland. Russell Bros. were engaged in the banking business at the latter place, and were acting as the collecting agents for Bradley, Wheeler & Co. On December 13, 1887, Russell Bros. wrote Bradley, Wheeler & Co. that Swayne had removed a part of his building to Goodland. In reply to this letter, Bradley, Wheeler & Co. wrote the following to Russell Bros., under date of December 16, 1887:

"We mailed you last week a mortgage on Swayne's property at Sherman Center, to be exchanged for mortgage on his Goodland property, which he got in exchange for his Sherman Center location, and which he agreed to pay us when he made the change. We hope you will attend to this promptly, and let us have mortgage as soon as possible."

On December 30, 1887, Russell Bros, through their assistant cashier, wrote the following letter to Bradley, Wheeler & Co.:

"RUSSELL BROS., BANKERS.

"GOODLAND, SHERMAN CO., KAS., 12–30–1887.

"*Bradley, Wheeler & Co.—Gentlemen:* Your favor of the 24th inst. received, with inclosure as stated, and same entered for collection. Your mortgage against Swayne we have handed to attorney W. K. Brown for attention. Understand there are some technical difficulties.

Yours respectfully, J. C. F. McKESSON."

On the 3d day of January, 1888, Russell Bros. took a bill of sale of the building in controversy. This bill of sale was filed for record on the 23d day of January following. Russell Bros. also held a real-estate mortgage upon the lot upon which this same building was situated. This mortgage was dated December 16, 1887, and filed in the office of the register of deeds on the same day. On the 23d day of February, 1888, Swayne executed a bill of sale to the plaintiffs below for the same building, describing it as the building upon which

Bradley, Wheeler & Company had a mortgage when it stood in Sherman Center, and was sold by Swayne as a partial settlement for said mortgage. This bill of sale was filed for record on the same day, and Bradley, Wheeler & Company took immediate possession and stored their goods in said building. Sometime after this, Russell Bros., through their agents, took forcible possession of the building in controversy, moved it upon one of their own lots, and have since held it.

It is first claimed by the plaintiffs in error that, because the petition alleged that the plaintiffs owned the building in June, 1888, it was error to show title to the property in dispute some time prior, in the year 1887. There was no error in this; it was perfectly competent for the plaintiffs below to establish by competent evidence their title to the building in controversy prior to the time alleged in the petition. It would be too narrow a construction of the pleading to limit the inquiry of ownership to the time alleged in the petition.

It is next urged that there is no evidence that Russell Bros. accepted the agency for Bradley, Wheeler & Co., in looking after its mortgage against Swayne; and that Russell Bros. could not act for the plaintiff below, on account of adverse interests. It was established that Russell Bros. were the collecting agents for Bradley, Wheeler & Co.; that as early as the 9th day of December, 1887, the latter made inquiry of the former concerning their claim against Swayne, and on the 13th of the same month Russell Bros. wrote the company that Swayne had moved a part of his building to the new town, which was the county-seat of Sherman county. This was before they had taken their real-estate mortgage. Three days later Bradley, Wheeler & Co. wrote the defendants again, saying they had sent the Swayne mortgage to them the week previous, and urged upon them the necessity of prompt attention. On the 30th day of December they reported to Bradley, Wheeler & Co. that they had handed the mortgage to an attorney for attention, saying that they understood there were some technical difficulties in the way. This certainly was some evidence to show the relation existing between the par-

ties. It is not our province to pass upon the weight of evidence; that has already been done by the jury. We think there was some evidence showing that the plaintiffs in error accepted the note and mortgage of defendants in error as their collecting agents, and should have guarded their interest. If they were not in a position to do this, they should have returned the claim at once, and not held it until they attempted to acquire an adverse interest in the very property they knew Bradley, Wheeler & Co. sought to subject to the payment of their debt. The law requires the utmost good faith and loyalty upon the part of the agent in the performance of every duty which he owes to his principal.

The claim is made that the instructions of the court were misleading. No exceptions were taken to the charge of the court, or any portion of it.

Our attention is called to the fact that the district court entered judgment against H. W. L. Russell, when the record shows that no service was made upon him and no appearance or answer was filed in his behalf. The record was modified in this particular, as appears from a corrected journal entry on file in this court, from which it appears that the judgment is only against C. P. Russell.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.