[Sac. No. 652.   Department Two. — July 3, 1901.]

JACOB ROSENBERG, Appellant, MARY ROSENBERG, as Executrix, etc., Substituted Plaintiff and Appellant, v. J. G. PIMENTAL et al., Respondents.

QUIETING TITLE — EXECUTION SALE — PLEADING — VARIANCE. — In an action to quiet title, based upon an execution sale of the land, the complaint need not alle_e the date of the accrual of the indebtedness sued on, in the action in which the sale was had.   If it does so, and the allegation differs from the averments contained in the judgment roll in such action, the variance is immaterial, where there is otherwise a sufficient showing to identify the judgment under which the plaintiff claims.

APPEAL from a judgment of the Superior Court of Mono County and from an order refusing a new trial. W. H. Virden, Judge.

The facts are stated in the opinion.

William O. Parker, and Henley & Costello, for Appellant.

Reddy, Campbell & Metson, for Respondents.

GRAY, C. — In this case the original plaintiff, Jacob Rosenberg, having died pending the appeal, Mary Rosenberg, executrix of his last will, was duly substituted as plaintiff and appellant herein.

The action is brought to quiet title and compel a conveyance to plaintiff from defendants of certain lands situated in Mono County.   The defendants had judgment on a nonsuit granted on their motion on the trial of the case.   The plaintiff appeals from the judgment and from an order denying a new trial.

The plaintiff, in his complaint, alleged title in himself, under an execution sale of the land in controversy had in an action wherein he obtained judgment against the defendant Pimental for $492.51.   In his complaint he alleges that on the second day of October, 1894, the defendant Pimental was indebted to him in a certain sum, and then goes on to allege that suit was commenced on this indebtedness, etc.   The date of the commencement of the said action, the date and amount of the judgment, the date of the execution and sale, and the date of the sheriff's deed made in pursuance of said sale, are all set out in the complaint.

At the trial, plaintiff, as one step in the proof of his title,

offered a certified copy of the judgment roll in the action, under which he claimed to have been the purchaser at the execution sale. In the complaint contained in the offered judgment roll, it was alleged that "on the thirtieth day of October, 1894," plaintiff loaned to the defendant, at his request, $469.85, and it appeared that in the judgment interest was added to that sum, and judgment was rendered for the amount alleged in the complaint in this action. The date of the commencement of the action, the date as well as the amount of the judgment, as appeared from the judgment roll, all corresponded with the allegations of the complaint herein. To this judgment roll the defendants objected, on the ground that it appeared on its face that the action was brought for money loaned on October 30, 1894, and therefore the judgment roll is contradictory of the allegation in the complaint in this action, to the effect that "the indebtedness was on the second day of October, 1894," and that the evidence offered is at variance with the allegations of the complaint. In sustaining this objection we think the court erred. The allegation of the date of the accruing of the indebtedness was not essential or material in either this or the former suit. The variance as to date in the respect complained of was therefore entirely immaterial. The date of the suit and of the judgment, and the amount of the latter as shown in the offered judgment roll, was sufficient to show the identity of the judgment, and that it was the same judgment referred to in the complaint, and upon which the execution sale was made under which plaintiff claimed title. The question was one of identity as to the judgment pleaded, and the case has little to do with the thing adjudicated. Therefore the doctrine of *res adjudicata* cuts little figure in the solution of the questions involved. The allegation in the complaint herein as to the date of the indebtedness should have been disregarded as a thing immaterial and unnecessary in the pleading. This erroneous ruling of the court made it impossible for the plaintiff to establish his case, and hence was prejudicial, and on account of it the judgment and order appealed from should be reversed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.