## MISSOURI, O. & G. RY. CO. v. DIAMOND.

No. 4676.   Opirion Filed June 22, 1915.
(150 Pac. 175.)

1.  **TROVER AND CONVERSION—Pleading and Proof—Variance—Date of Conversion.** An allegation as to the date of conversion in an action of trover is immaterial, and, where the evidence offered and admitted varies from the date alleged in the petition, it is error for the court, on motion of plaintiff, and over objections and exceptions of defendant, to take such evidence from the consideration of the jury.

2.  **SAME—Instruct'ons.** Where the petition alleges the date of conversion, and the evidence varies therefrom, it is error for the court to instruct the jury: "If you find the posts or ties of plaintiff were taken and appropriated by defendant, same being the property of plaintiff, yet if you find the same were taken in a different year or at a totally different time from that alleged in plaintiff's bill of particulars, then, as to such ties or posts, you will find for defendant."

3.  **NEW TRIAL—Ground—Instruction—Conversion.** Where, upon conditions above set forth, the jury return a verdict for the defendant, and the plaintiff files motion for new trial, containing such action of the court as grounds therefor, it is not error to grant the motion.

(Syllabus by Watts, C.)

*Error from County Court, Hughes County;*
*T. W. Gardner, Judge.*

Action by Wallace D. Diamond against the Missouri, Oklahoma & Gulf Railway Company. Verdict for defendant, and from an order granting a new trial, defendant brings error. Affirmed.

*E. R. Jones* and *J. C. Wilhoit*, for plaintiff in error.

*Harry M. Diamond*, for defendant in error.

Opinion by WATTS, C. This appeal comes from the county court of Hughes county. W. D. Diamond sued the

Missouri, Oklahoma & Gulf Railway Company. The plaintiff alleges that the company, on the 28th day of August, 1910, took and converted to its own use a number of fence posts of the value of $60, and in the month of February or March, 1911, a number of cross-ties of the value of $33, the property of Diamond, and prayed judgment for $93, and interest. The company answered by general denial. The case was tried to the court and jury January 30, 1912, and resulted in a verdict for the company. The trial court granted a motion of Diamond for new trial, the material part of its order being as follows:

"ORDER.

"Now, on this the 1st day of July, 1912, this cause coming on for hearing on the motion for a new trial filed herein by the plaintiff, and said motion for new trial having been presented to the court by the counsel for each side, and the court having duly considered the same, and being fully advised in the premises, believes that error was committed by the court in the trial of said cause, and that the plaintiff was prevented from having a fair trial in the said cause in this:

"(1) That the court committed error in excluding testimony offered by the plaintiff in which there was a variance between the facts tended to be proved and the allegations of the petition with respect to the date of the alleged conversion of the property claimed by the plaintiff, on the ground that the said variance was material, when the said variance was not material, and such evidence should have been admitted.

"(2) That the court erred in charging the jury upon the issue of said variance and instructing that, if they found the property was converted at a time different from that alleged in the petition, they should find for the defendant; that the said variance was not material in the sense in which the court instructed, and by reason of the said instruction the plaintiff was deprived of a fair trial.

"It is therefore ordered that the plaintiff's motion for a new trial be sustained.   *   *   * "

· The company appeals, and assigns as error, viz.:

"(1)   In granting motion for new trial after close of term of court.

"(2)   In granting new trial for reason that the court erred in excluding testimony offered by plaintiff.

"(3)   In granting new trial for the reason that the court erred in charging the jury upon issues of variance, and instructing the jury that, if they found the property was converted at a different time from that alleged in the petition, they should find for the defendants.

"(4)   In granting motion for new trial."

Counsel for the company waive the first assignment, and have grouped the three remaining into the proposition:

"Whether or not in a suit for conversion plaintiff must prove that the property alleged to have been converted was converted at or near the time alleged in his bill of particulars."

Plaintiff at the trial testified in part as follows:

"Q.   Did you some time during the summer or early fall of 1910 have some *bois d'arc* posts in Bryan county, Okla.?   A.   I did.   *   *   *   Q.   What became of these posts?   A.   The Missouri, Oklahoma & Gulf train came along and taken them up.   Q.   About what time a year was that?   A.   On Sunday, the nearest I can remember, about the 28th of August.   I had the exact date, but I lost my memorandum.   Q.   What year?   A.   Last year, I guess—1911.   Q.   Last August?   A.   Yes, sir.   *   *   * Mr. Wilhoit:   If your honor please, defendant would like to make a motion to take from the jury all evidence as to the posts in this case, for the reason that there is a fallacy; that the plaintiff alleges in his petition that they were taken in August, 1910, while their testimony is confined to August, 1911, one year's difference.   By the

Court: Motion sustained. Evidence ordered stricken. Q. Mr. Diamond, I will ask you if in the month of August, 1910, you had in your possession some *bois d'arc* posts along the Missouri, Oklahoma & Gulf right-of-way in Bryan county, Okla.? Mr. Wilhoit: Objected to as incompetent, irrelevant, and immaterial, as leading and suggestive and repetition. By the Court: Sustained. Q. Mr. Diamond, did you or did you not have in your possession some *bois d'arc* posts along the Missouri, Oklahoma & Gulf Railway in Bryan county, Okla., in August, 1910? * * * A. I owned some posts and had them in my possession on that right-of-way. Q. State how many *bois d'arc* posts you owned and had in your possession along the Missouri, Oklahoma & Gulf right-of-way in August, 1910? A. 634. Q. Where are those posts now? A. The Missouri, Oklahoma & Gulf took them and done something with them; I don't know what they done with them. Q. When did the Missouri, Oklahoma & Gulf take them? A. On Sunday, about the 28th day of August, 1910, before I brought the first suit. * * * Q. I will ask you whether or not at the same place in Bryan county, Okla., you owned some crossties? A. I did. Q. Do you or do you not know what became of those cross-ties? A. The Missouri, Oklahoma & Gulf used them for their roadbed. * * * Q. State, Mr. Diamond, if you are able, when these ties were taken. A. They were taken in the spring during the wet weather, while they were having trouble with their roadbed. Mr. Wilhoit: Q. What year—will you state whether or not you know what year this was? A. Yes; I know what year it was. Q. Well, then, what year was it? A. They were taken in the spring of 1910, a while before they got those *bois d'arc* posts, if I remember right—before I brought this suit. * * * By Mr. Welch: Q. You state that you saw some of those cross-ties used in the railroad bed? * * * A. Yes, sir. Q. When was this that you saw these ties used in the railroad bed? * * * A. It was the time that I made the affidavit that they were used. Then I brought that suit. It's been

a good while ago. At that time I knew when it was. When I made those allegations, that was correct, when I brought the suit. Q. I will hand you this paper and ask you if you know what it is * * * A. This is a paper of the facts brought when the first suit was filed against the railway company before the justice of the peace. * * * Mr. Welch: Do you know when the railway company took these cross-ties? * * * A. Yes, sir. Q. State when they took them. * * * A. It was in the spring while the roadbed was very wet. At the time I was down there they had a wreck on the train; I don't remember the exact date. Q. Do you or do you not know what month and what year they were taken in? * * * A. The month and date specified in that charge. Q. Do you or do you not know what date is specified in that charge? A. I think it was February or March. Q. What year? A. 1911. Mr. Miller: We ask that all this testimony be stricken, because it is based on the affidavit or petition, and the period of time fixed is not made from the knowledge of the witness. By the Court: Motion sustained. Testimony ordered stricken. Mr. Welch: plaintiff excepts."

Harve Dillard testified on behalf of the plaintiff in part as follows:

"Q. Where did you live during the years 1910 and 1911? A. Near Durant. Q. State whether or not you know anything about some *bois d'arc* posts and cross-ties that Mr. Diamond had along the Missouri, Oklahoma & Gulf right-of-way down there? A. Yes, sir. * * * Q. Do you know what became of those posts and cross-ties? A. Yes, sir; I seen them get the ties. The section foreman of the Missouri, Oklahoma & Gulf Railroad, I seen him getting the ties. Q. What about the *bois d'arc* posts? A. Well, I was right close when the train left from there taking the posts. I passed along there just about an hour before, and the posts were there, and we heard the train come up there and stopped, and we looked up that way to see what they were doing, I and Mr.

Diamond, but we couldn't tell from where we were. Q. Then the train came along, and you went back afterwards, did you? A. Yes, sir; we passed there when we went to dinner, and in just about an hour we came back by there, and the train had just crossed the river, and we noticed that they had got the posts. * * * Q. How many of those cross-ties did you see the Missouri, Oklahoma & Gulf section foreman take? * * * A. I can't say. I was about 50 yards from there when they were taken. They came and got one car load and taken them and come back and got another load, and I can't say; I don't know whether they got the balance then or when. Q. State whether or not you ever did see any of these cross-ties in the railroad along there. A. Yes, sir."

The court's fifth instruction to the jury was as follows:

"If you find the posts or ties of plaintiff were taken and appropriated by defendants, same being the property of plaintiff, yet if you find the same were taken in a different year or at a totally different time from that alleged in plaintiff's bill of particulars, then, as to such ties or posts, you will find for the defendant."

Counsel for the company contend that the court's fifth instruction as above set out was correct, and that a variance between the allegation and proof as to the time the posts and ties were taken was material and fatal to the claim of Diamond, and have cited in support of their contention Cyc. vol. 38, p. 2070, which states:

"It is not necessary to allege the precise minute or hour of the day when the goods were converted, or the day or the month; but the complaint must comply with the terms of a statute prescribing allegations as to time."

Page 2076, as follows:

"A recovery in trover must be *secundum allegata et probata*, and proof of a different cause of action * * *

on a different date than the one alleged   *   *   * is a fatal variance"—citing *Williams v. McKissack*, 125 Ala. 544, 27 South. 922; *Mobile, J. & K. C. R. Co. v. Bay Shore Lumber Co.*, 158 Ala. 622, 48 South. 377; *Kilgore & Son v. Snannon & Co.*, 6 Ala. App. 537, 60 South. 520.

The above cases are by the Supreme Court of Alabama, and appear to sustain the contention of counsel for the company, but, as it is said in *Mobile, etc., v. Bay Shore, etc., supra:*

"It is in accord with the strictness with which this court has always enforced the principle of conformity of pleadings and proof."

Under our statute we are not justified in enforcing so stringent a rule. Revised Laws 1910 provide:

"Sec. 4784. When Variance Deemed Material.—No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just.

"Sec. 4785. Immaterial Variance.—When the variance is not material, as provided in the last section, the court may direct the fact to be found, according to the evidence, and may order an immediate amendment without cost.

"Sec. 4786. Failure of Proof.—When, however, the allegation of the claim or defense to which the proof is directed, is unproved, not in some particular or particulars only, but in its general scope and meaning, it is not to be deemed a case of variance within the last two sections, but a failure of proof."

We are of the opinion that an allegation as to time (and place) in a case of this nature is immaterial. Of course, an allegation of time (and place) might become material because of some particular reason; but such reason does not exist in the instant case.

From our statute, and as a general rule, we think a variance may consist of (1) material, (2) immaterial; and (3) failure of proof, and, unless for some specific reason, time and place, come, we think, in the immaterial class. In states having statutes like and similar to ours it has been so held. In *Backus v. Clark*, 1 Kan. 306, 83 Am. Dec. 437, it is said:

"It was never necessary at the common law for the plaintiff to show in his declaration that his cause of action was not barred by the statute of limitations. Having alleged the facts by which a cause of action accrued to him, if the lapse of time intervened to bar a recovery, that as well as all other matters of defense was to be pleaded by the defendant. The statement of time in the declaration was, in general, mere matter of form, and not traversable, and the plaintiff was at liberty to prove the transaction at any other time as well as the one stated."

In *Russell et al. v. Bradley et al.*, 47 Kan. 438, 28 Pac. 176, the court used the following language:

"It is first claimed by the plaintiff in error that, because the petition alleged that the plaintiff owned the building in June, 1888, it was error to show title to the property in dispute some time prior, in the year 1887. There was no error in this. It was perfectly competent for the plaintiff below to establish by competent evidence its title to the building in controversy prior to the time alleged in the petition."

In *Campbell v. Reese*, 8 Kan. App. 518, 56 Pac. 543, it was held:

"Where it is alleged in an answer that certain payments were made on the 6th day of February and on the 23d day of June, 1894, and the proof shows that the payments were made by the same persons and in the same year as alleged, but on the 23d day of July, held, that the variance is not error."

Derring's Annotated Code Stat. of California, sections 469-471, are almost identical with sections 4784, 4785, and 4786, *supra*.

In *Bancroft Co. v. Hazlett et al.*, 106 Cal. 151, 39 Pac. 602, it was said:

"The action was commenced upon November 14, 1892, and alleged the conversion as of July, 1892. The court found that defendants converted the piano to their own use upon February 21, 1891. The variance is immaterial, and not such as would warrant a reversal of the cause. Code Civ. Proc. sections 470, 475. It was not necessary at common law that the proofs should be in strict conformity with the averment as to the date of the conversion. It was sufficient if naming a certain time before the commencement of the action, the proof established that the tort was committed before the suing of the writ. 2 Saund. Pl. p. 1141; Gould, Pl. section 65; *Rex v. Bishop of Chester*, 2 Salk, 561; 1 Greenl. Ev. section 61 *et seq.* No greater strictness is required under our system. The findings are sufficient."

See, also, *Minturn v. Bliss*, 77 Cal. 91, 19 Pac. 177; *Rosenberg et al. v. Pimental et al.*, 133 Cal. 302, 65 Pac. 620.

In 31 Cyc. 706, it is said:

"Time is usually immaterial, and need not be proved as laid"—citing a long list of cases from many of the states.

In *Hixon v. Pixley*, 15 Nev. 475, it was held:

"The allegations as to the time of conversion, is an action of trover, is immaterial."

In *First Nat. Bank v. Brown,* 85 Tex. 80, 23 S. W. 862, it was held:

"In personal action for taking and conversion of personal property the allegation of the county where the trespass was made is immaterial; e. g., allegation that cattle were taken in Yoakum county held immaterial that the taking was shown to have been in Gaines county."

In *Patterson et al. v. Missouri, K. & T. Ry. Co.,* 24 Okla. 747, 104 Pac. 31, it was held:

"No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."

See, also, *Chicago, R. I. & P. Ry. Co. v. Bankers' Nat. Bank,* 32 Okla. 290, 122 Pac. 499.

Of course, where an allegation as to time has misled, the adverse party, it would be proper for the court to make a just order, such as a continuance, or whatever might be proper under the exigencies, as provided in section 4784, *supra,* but such is not the case before us.

Counsel for the company have cited *Chambers v. Van Wagner,* 32 Okla. 774, 123 Pac. 1117, as authority, but we cannot so agree. In the case cited plaintiff alleged a contract entered into between himself and one Linden, a duly authorized agent of, and acting for, defendant, for the purpose of purchasing certain lands for defendant; that the plaintiff had purchased the lands and done all things required of him, etc. Defendant denied all the allegations in the petition, specifically denying Linden was his agent. The court instructed the jury there was no evidence of the alleged agency, and then proceeded to instruct on the acts of the parties, advising the jury that they could find for the plaintiff for the reasonable value

of his services. The pleadings were not amended, and the instructions were over the objection and exception of defendant. In this light the variance was material and held erroneous. We do not think the above case has any bearing on the one at bar.

For the reasons herein mentioned, we recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.