## PETERMAN v. ROTHSCHILD et al.

No. 13508—Opinion Filed June 10, 1924.

Rehearing Denied Oct. 14, 1924.

**1. Replevin—Gist of Action.**

The gist of a replevin action is the right of possession.

**2. Pleading—Denial of Judgment on Pleadings—Chattel Mortgages—Replevin for Foreclosure.**

In an action of replevin under foreclosure of a chattel mortgage and agency is drawn into question by the defendant, the same is not such a material issue against a valid mortgage alleged to be in full force and effect against the property as to entitle the defendant to judgment upon the pleadings where the plaintiff fails to file verified reply denying such agency.

**3. Pleading—Discretion in Trial Amendments.**

It is within the sound and reasonable discretion of the court to allow a reply to be filed and amended during the progress of the trial if the material issues are not thereby changed under section 318, Comp. Stat. 1921.

**4. Pleading—Sufficiency of Verification by Agent.**

An affidavit verifying a pleading which states that affiant is the duly authorized and acting agent in charge of the business of the pleader in the state and authorized to act in the particular matter drawn into question, and further states that he has read the foregoing petition, answer, or reply, and knows the contents of same, and the matters therein stated are true, is a substantial compliance with the first provision of section 293, Comp. Stat. 1921.

**5. Trial—Refusal of Instructions Unsupported by Evidence.**

It is not error for the court to refuse to give a requested instruction that is not supported by the evidence.

**6. Appeal and Error—Immaterial Variance—Replevin to Foreclose Mortgage.**

In a replevin action under foreclosure of mortgage, where the plaintiff alleges that defendant came into possession of the property through the original mortgagor and the proof shows he obtained possession from some other person, this is not a material

variance to avoid the force and effect of the mortgage lien.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Melville N. Rothschild and John L. Little, copartners, doing business under the firm name and style of National Bond & Investment Company (not incorporated), against G. W. Wilson and Carl Peterman. Judgment for plaintiffs, and defendant Peterman brings error. Affirmed.

Erwin & Erwin, for plaintiff in error.

John W. Creekmur and Jas. A. Embry, for defendants in error.

Opinion by THREADGILL, C. The action was one in replevin. The plaintiff in error was defendant and defendants in error were plaintiffs in the trial court and will be referred to in this opinion as they were there. Plaintiffs brought their action against the defendant to recover possession of a Maxwell touring car, claiming the right of possession under the terms and conditions of a certain mortgage made and executed by one George W. Wilson to Pierson Automobile Company on May 22, 1920, and assigned to the National Bond & Investment Company (not inc.) of Chicago, being the firm name of the plaintiffs, and said mortgage being filed for record on same date as assignment, being May 24, 1920. The car was bought on credit, the amount unpaid evidenced by twelve notes of $62.10 each, payable monthly. Plaintiffs claimed that four of the notes were paid, leaving the balance due of $496.80, all of which became due by the default of George W. Wilson to pay the fifth note of the series when it matured and George W. Wilson had parted with possession of the car and same was in the possession of the defendant, Carl Peterman and under the terms of the mortgage and by virtue of the mortgage lien they were entitled to possession for the purpose of foreclosing the lien to satisfy the indebtedness. The amended petition set out the facts and verified the same, and affidavit was filed in usual form and bond was given to take possession of the property at beginning of the action. The defendant gave redelivery bond and retained possession, and filed demurrer to the petition on the ground that the notes described were made in violation of the interest laws of the state.

The demurrer was overruled and exceptions saved. George W. Wilson was made a party defendant and filed separate answer stating, in substance, that he had filed a bill in bankruptcy, and his property was subject to the jurisdiction of the federal court. The answer further makes a general denial, and then alleges that W. O. Pierson, operating the Pierson Automobile Company, was the agent of the plaintiffs, and as such sold to the defendant the said car, and thereafter this defendant returned the car to the Pierson Company, the same being the agent of the plaintiffs, and in full satisfaction of the notes and mortgage, and the same were returned to the defendant, which settled the indebtedness and released the liability, and he asks for $100 attorneys fees for the attorney. Carl Peterman, the defendant, filed a separate answer consisting of a general denial and pleading further stated that prior to August 11, 1920, that he, acting for and on behalf of Peterman's Garage, a copartnership, consisting of himself and Otto Peterman, purchased from Pierson Automobile Company the Maxwell touring car, and on August 11, 1920, said car was delivered by the agent of said company to the Peterman garage at Wellston; that they paid the sum of $1,146.80 by check for the car, and attached copy of check showing the same was cashed by Pierson Automobile Company. That said car was bought as a new car and paid for as such; that they had no transaction with G. W. Wilson in buying and getting possession of the car, and all their transactions were with the Pierson Automobile Company, through its agents. He denied any notice of a mortgage lien. He further alleged the same facts as stated by Wilson, to the effect that Wilson bought the car from the plaintiffs through their agent, the Pierson Automobile Company, and gave the notes and mortgage and then turned the car back to the company in full satisfaction for the notes and mortgage, which were returned to him, and this same company was agent of the plaintiffs in selling the same car to the Peterman garage. He also pleads the same objections to the court's jurisdiction on account of the notes in not showing tax paid that Wilson pleads. He asks for attorney's fees and states further that Wilson has been released from liability on the notes in bankruptcy, and claims this releases him from liability. There were unverified replies filed and, by leave of court during the trial were verified over objection of defendants. The issues were tried to the court and jury and resulted in a verdict and judgment in favor of the plaintiffs and defendant Peterman appeals by petition in error and case-made.

The defendant sets out 27 assignments of error, but discusses only 7 of them. The gist of the action was the right of possession. The plaintiffs claimed the right of possession by virtue of the mortgage. The

defendant, Carl Peterman, did not deny that the mortgage was executed, but claimed that it was satisfied before his garage bought it. That G. W. Wilson, after buying the car from the plaintiffs and executing the notes and mortgage, returned the car to Pierson Automobile Company, the same being the agent of the plaintiffs, in satisfaction of the notes and mortgage, and the same were delivered to him, and after this his garage bought the car and paid cash for it in the sum of $1,146.80. This issue was made by the answers of the defendants. They especially allege that in the transactions of settlement on the part of Wilson and purchase on the part of Peterman the Pierson Automobile Company acted as the agent of the plaintiffs. At the beginning of the trial the defendants moved for judgment on the pleadings and opening statement of counsel, which being overruled plaintiffs dictated into the record an unverified general denial for reply, and the defendant Peterman then objected to the introduction of any evidence on the grounds the petition fails to state a cause of action, and the action is based upon a series of notes each less than $300 in value and foreclosure of mortgage given as security for the same, not being sufficient to give the court jurisdiction. The objection was overruled and the defendant excepted. This defendant contends that the motion for judgment on the pleadings should have been sustained since the answer tendered an issue of agency which was not denied under oath. We do not think so. The gist of the action was the right of possession. This agency was not material to the merits of the case. The material issues were the validity of the mortgage and the existence of an unsatisfied indebtedness specified in the mortgage, the identity of the property and the possession of the same. It would make no difference whether the Pierson Automobile Company was agent of the plaintiffs or not if the facts stated as a defense were true. If the mortgage was satisfied as claimed by the defendants and the notes and mortgage were returned to Wilson this would be sufficient defense.

If it is admitted that the Pierson Automobile Company was the agent of the plaintiffs, this would not entitle the defendants to judgment upon the pleadings unless the agent acted within the scope of its authority and the transactions set out as a defense were true. The agency might exist and the transaction not exist or take place as alleged. But if the fact of agency was material the failure to reply to the allegation of agency as stated in the answer would only relieve the defendants from introducing testimony to prove the agency, and

when the court allowed the plaintiffs to file their reply after the trial commenced, and then amend the same by verification, this did not change the issues materially nor was it a violation of a constitutional or statutory right. It might have worked a continuance if defendants had claimed it, but not claiming it and no injury being shown, it was not error for the court to allow the reply filed and amended during the trial. This is within the sound and reasonable discretion of the court and is provided for by section 318, Comp. Stat. 1921, which reads as follows:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment." Lewis v. Bandy, 45 Okla. 45, 144 Pac. 624; Motsenbocker et al. v. Shawnee Gas & Electric Co. et al., 49 Okla. 304, 152 Pac. 82; Bly et al. v. Roal et al., 60 Okla. 77, 159 Pac. 511; Matthews et al. v. Sniggs et al., 75 Okla. 109, 182 Pac. 703; American National Ins. Co. v. Rardin, 74 Okla. 146, 177 Pac. 601; Elwood Oil & Gas Co. v. Gano, 76 Okla. 287, 185 Pac. 443; St. Louis & S. F. R. Co. et al. v. Ledbetter, et al., 83 Okla. 78, 200 Pac. 701; Citizens Nat. Bank v. Wiswell, 88 Okla. 194, 212 Pac 583; Owens et al. v. Gaylor et al., 90 Okla. 96, 213 Pac. 400; Southern Surety Company v. Jones et al., 90 Okla. 285, 214 Pac. 727.

The next error complained of by the defendant is that the affidavit verifying the reply was not sufficient to deny the agency alleged by the plaintiffs. The affidavit was as follows:

"State of Oklahoma, County of Lincoln, ss.

"Fred P. Myers, of lawful age being first duly sworn says that he is the duly authorized and acting agent in charge of the business of the plaintiffs in the state of Oklahoma and authorized to act in this particular matter; that he has read the foregoing reply and knows the contents thereof; that the matters herein stated are true. Fred P. Myers.

"Subscribed and sworn to before me the 29th day of September, 1921. John Morpher, Dept. Court Clerk."

Section 293, Comp. Stat. 1921, provides as follows:

"Where the affidavit is made by the agent or attorney, it must set forth the reason why it is not made by the party himself. It can be made by the agent or attorney only;

"First. When the facts are within the personal knowledge of the agent or attorney.

"Second. When the plaintiff is an infant, or of unsound mind, or imprisoned.

"Third. When the pleading to be verified is founded upon a written instrument for the payment of money only and such instrument is in the possession of the agent or attorney.

"Fourth. When the party is not a resident of, or is absent from the county."

The defendants alleged in their answer that the Pierson Automobile Company was the agent of the plaintiffs, and the plaintiffs deny this and allege in their reply that Fred P. Myers and George R. Johnson were at all times and at the time of the trial sole agents of the plaintiffs in the state of Oklahoma, and especially denies the agency alleged by the defendants and affidavit states that the affiant, Fred P. Myers, is the duly authorized and acting agent in charge of the business of the plaintiffs in the state and authorized to act in this particular manner, that he has read the reply and knows the contents thereof and the matters therein contained are true. This was sufficient to comply with the first provision of the statute. Pallady et al. v. Beatty et al. 15 Okla. 626, 83 Pac. 428; Aldred v. Ray. 54 Okla. 154, 153 Pac. 664; Johnson v. Woodbury Trust Company (Kan.) 57 Pac. 134.

In the next place defendant complains that the court erred in refusing to give the following requested instructions:

"You are instructed that one who voluntarily accepts the proceeds of an act done by one assuming though without authority by his agent ratify the act and take it as his own with all of its burdens as well as its benefits."

We have examined the evidence set out in the record and we do not find any testimony that warrants the giving of this requested instruction. The instructions given by the court were fair and covered the issues, and are substantially correct. and we do not think there was any error in refusing the requested instruction.

The last assignment is that the court erred in overruling defendant's demurrer to the evidence. Defendant contends that plaintiffs pleaded that the defendant bought the car from G. W. Wilson the original mortgagor, and the testimony fails to show

this transaction, but the proof shows that defendant bought the car from Pierson Automobile Company, and this proof was at variance with the petition in this respect, and therefore the demurrer should have been sustained. We cannot agree with this contention. It was immaterial as to how the defendant came into possession of the car so long as the mortgage was valid and the lien in force and unsatisfied. C., R. I. & P. Ry. Co. v. Bankers National Bank, 32 Okla. 290, 122 Pac. 499; M., O. & G. Ry. Co. v. Diamond, 48 Okla. 424, 150 Pac. 175; First National Bank of Mill Creek v. Langston 32 Okla. 795, 124 Pac. 308; Love v. Kirkbridge Drilling & Oil Co., 37 Okla. 804, 129 Pac. 858; Harris v. Newcomb, 56 Okla. 741, 156 Pac. 666.

Upon consideration of the whole record we think the defendant was given a fair trial and the judgment of the court should be affirmed.

By the Court: It is so ordered.