SMITH et al. v. PRICE et al.

No. 35148.   July 15, 1952.

*246 P. 2d 359.*

Marvin T. Johnson, Tulsa, for plaintiffs in error.

Wesley E. Disney, Joe B. Houston, Gerald B. Klein, and James P. Melone, Tulsa, for defendants in error.

BINGAMAN, J.   This action was brought by plaintiffs, R. J. Smith and R. J. Smith Lumber Products, Inc., against Lewis T. Price and Red Fork Lumber Company, a corporation, to recover the sum of $3,969.86, with interest thereon at 6 per cent per annum from April 24, 1950, being the balance claimed due by plaintiffs on a debt owing them by defendants. The trial court denied the motion of plaintiffs for judgment on the pleadings and opening statement of defendants, their motion for a directed verdict, and their motion for judgment non obstante, and submitted the case to a jury which returned a verdict in favor of plaintiffs in the sum of $1,963.48, and the trial court rendered judgment accordingly. Plaintiffs appeal.

From the record it appears that the parties entered into a written contract in settlement of certain indebtedness

owing by defendants to plaintiffs, which agreement, among other things, provided as follows:

"3. In addition to the foregoing, second parties will deliver to first party at the place of business of Red Fork Lumber Company as soon and as rapidly as the same may be conveniently moved, merchandise heretofore purchased from first parties to the extent and value of Ten Thousand ($10,000.00) Dollars, at the same price agreed to pay therefor to first parties. All of such mechandise to be in good marketable condition and capable of use for the purposes for which it was manufactured."

It is admitted by the parties that pursuant to this contract the defendants delivered to plaintiffs and plaintiffs accepted and received lumber and materials of the value of $6,030.14, leaving a balance due of $3,969.86. Defendants tendered to plaintiffs certain lumber and materials in satisfaction of this latter sum, but plaintiffs refused the tender on the ground that the merchandise was not in good marketable condition and capable of use for the purposes for which it was manufactured, as required by the above-quoted provision of the contract. Upon the insistence of defendants that the merchandise tendered was sufficient and that no other and further merchandise would be delivered to plaintiffs, plaintiffs brought this action, in which they sought judgment for the balance due, or specific performance by the delivery of merchandise to them by defendants which complied with the contractual provisions. In their answer defendants alleged that the tender was sufficient and that the property tendered in all things complied with the requirements of the contractual provisions above quoted. The testimony introduced by plaintiffs tended to show that the property tendered did not comply with the requirements of the contract, while the testimony offered by defendants was to the effect that it did. Thus it appears that the sole question for determination was whether the property tendered by

defendants was of the quality required by the contract and sufficient to liquidate the remaining indebtedness.

The trial court did not err in overruling the motion of plaintiffs for judgment on the opening statement of counsel, since examination of the statement made by counsel for defendants discloses that it is not in our judgment an admission that the property was not of a quality to comply with the provisions of the contract, but an admission that some of it was not readily saleable because it was in short lengths. Likewise, the evidence was sufficient in our judgment to require submission of the case to the jury, and the court did not err in overruling the motion for directed verdict or the motion for judgment non obstante veredicto. But, we think the instructions given to the jury by the trial court were erroneous to such an extent that a new trial is necessary.

In its instruction No. 3, the trial court told the jury that the plaintiffs contended that the defendants had breached the contract and had failed to deliver to the plaintiffs merchandise of the value of $10,000, in good marketable condition and capable of use for the purposes for which it was manufactured, and that if the jury found that the defendants had breached the contract, then their verdict must be for the plaintiffs, not, however, to exceed the sum of $3,969.86. This instruction, we think, was erroneous, though for some reason plaintiffs did not except thereto. It did not present to the jury the theory of plaintiffs in the trial of the action as disclosed both by their pleadings and evidence. That theory was that by the failure of defendants to make a sufficient tender plaintiffs were entitled to judgment for the balance due. In fact, this was the only issue in the case, and the other instructions given by the trial court did not correct this error in instruction No. 3.

In Muldoon v. Hostuttler, 96 Okla. 288, 222 P. 513, we held that in order

to successfully plead a tender of payment in an action upon a money demand the tender must be of such amount as to cover the demand. This case, and other decisions so holding, was cited with approval in State ex rel. Marland v. Phillips Petroleum Co., 189 Okla. 629, 118 P. 2d 621. The decisions in that case accord with the general rule. 62 C. J. p. 660, §6; 52 Am. Jur. p. 214, §1. While the authorities above cited refer to the payment of money in payment of a debt, the rule seems to be the same where a tender is made of specific property in discharge of the obligation. 52 Am. Jur. p. 220, §8; 62 C.J. p. 678, §50.

In the instant case the jury, by its verdict, found that the tender was insufficient, and evidently proceeding under instruction No. 3, returned a verdict for the plaintiffs but did not allow them the full amount of their claim. The trial court should have instructed the jury that if they found the tender insufficient in that all or some of the goods tendered did not comply with the provision of the contract, then their verdict should be for the plaintiffs for the full amount sued for, that sum being admittedly owing to plaintiffs by defendants. Such an instruction was fundamental and should have been given by the court on its own motion. Evlo Refining & Marketing Co. v. Moore, 192 Okla. 576, 137 P. 2d 911, and authorities therein cited.

The trial court refused an instruction requested by plaintiffs in which the jury was told that if the lumber tendered was not in good marketable condition and capable of use for the purposes for which it was manufactured, as provided by the contract, then their verdict should be for the plaintiffs in the sum of $3,969.86, with interest from April 24, 1950, at 6 per cent per annum. We think this instruction or an instruction equivalent thereto should have been given by the court in place of instruction No. 3, under which the jury was permitted to view the matter as a breach of the contract. There was no contention by the plaintiffs that they were entitled to damages for breach of contract. Their contention was that they were entitled to the remainder of the sum due under the quoted provision of the contract, because of the insufficiency of the tender made by defendants.

The trial court also instructed the jury that if they found that the tender made by defendants was sufficient their verdict should be for the defendants. The trial court should have further instructed the jury in this connection that if they found the tender sufficient the property tendered remained in the hands of the defendants as property of the plaintiffs and that defendants would be entitled to collect reasonable storage charges for keeping such property from the date of the tender. 52 Am. Jur. p. 241, §36. This for the reason that in their answer defendants alleged that the lumber tendered, being sufficient to pay the debt, was the property of plaintiffs; that defendants had been required to store the same in their warehouse; that a reasonable rental charge for the space so used was $5 per day, and prayed for such rental by way of counterclaim.

Reversed, with directions to grant plaintiffs a new trial.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and O'-NEAL, JJ., concur.