**ALLIED RESERVE LIFE INSURANCE CO. OF OKLAHOMA CITY, Oklahoma, and Reserve Life Insurance Co. of Dallas, Texas, Plaintiffs in Error,**

v.

**Leonard H. BAKER and Nora E. Baker, Defendants in Error.**

**No. 38257.**

Supreme Court of Oklahoma.

Feb. 17, 1959.

Rehearing Denied April 7, 1959.

Abernathy & Abernathy, Kenneth Abernathy, Charles C. Baker, Shawnee, for plaintiffs in error.

Harland A. Carter, Okmulgee, for defendants in error.

BERRY, Justice.

On March 28, 1957, Leonard H. Baker and Nora E. Baker, plaintiffs below and defendants in error here, brought this action against Allied Reserve Life Insurance Company, defendant below and plaintiff in error here, hereafter referred to as "Insurer", to recover $395.25 paid as surgical and hospital expenses in connection with a hernia operation performed in November, 1956 on Leonard H. Baker, hereafter referred to as "Insured", and to recover the further sum of $36 paid to a doctor in connection with an injury that insured's wife, Nora E. Baker, sustained to one of her legs in September, 1956. The aforesaid sums were alleged to be due and owing under separate surgical and hospital-expense insurance policies issued by Reserve Life Insurance Company on March 14, 1955 and March 14, 1956, which policies covered both insured and his wife. Insurer assumed the policies in controversy prior to the expenses in controversy being incurred.

In its answer and amendment thereto, insurer alleged in substance that insured made false and fraudulent answers to a question set forth in each application for the aforementioned insurance policies which question was phrased "Have you, or any member of the family group to be insured, ever had any disease of the heart, lungs, kidneys, stomach, or bladder, or high blood pressure, paralysis, arthritis, syphilis, cancer, diabetes, hernia, goitre, or rectal disease?" Insurer asserts that insured's false and fraudulent answers to said question served to void each insurance policy.

This case was tried to a jury. The jury returned a verdict for insured and his wife in the amount of $395.25, which was the amount of recovery sought by insured. Judgment was subsequently entered for insured and his wife in the amount of the verdict and costs of the action. From an order denying insurer's motion for a new trial this appeal was perfected.

In view of our decision herein, it is unnecessary to pass upon the matter of whether insured made false or fraudulent answers to the questions set forth in the applications for the insurance policies in controversy or whether said answers served to void said insurance policies.

Insured testified that following the incurring of the expense in controversy, one of insurer's agents called on him and offered to return $58 as premiums paid on the policies under consideration; that the offer was refused whereupon the agent increased the offer to $72. The insured paid approximately $200 in premiums on said policies which means that the tender or offer so made was for less than the premiums paid. In Smith v. Price, 206 Okl. 659, 661, 246 P.2d 359, 362, we held in substance that in order for a tender to constitute an effectual tender it must be in the full amount of that admitted to be owing. See also 52 Am.Jur. "Tender", p. 229, Sec. 22. The fact that insurer subsequently plead in its answer that it tendered all premiums paid on the insurance policies without stating the amount tendered does not, under the facts of this case, represent a timely and effective tender. The second paragraph of the syllabus to Federal Life Ins. Co. v. Whitehead, 73 Okl. 71, 174 P. 784, reads in part as follows:

"(g) An insurance company in possession of notice sufficient to work a forfeiture of a policy, which continues to keep and retain the premium

paid until after suit is brought to enforce collection of the policy several months after the death of the insured, will be deemed to have waived the forfeiture, and its offer in its answer for the first time to return the premium comes too late."

Our decision in United States Casualty Co. v. Jackson, 173 Okl. 60, 63, 46 P.2d 939, 942, to the effect that a tender of premiums in an answer suffices, is limited to instances where the insured did not acquire notice of an alleged forfeiture of a policy until after suit had been filed therein.

■ Insurer contends that the evidence fails to develop that the expense for which suit was brought did not result from an injury or disorder that had developed before the insurance policies in controversy were issued, and did not result from an injury or disorder that originated within fifteen days after the policies were issued, and for said reason the insured and his wife failed to show that under the provisions of the policies they were entitled to recover said expenses. Insurer contends further that the trial court erred in not instructing the jury on the foregoing issue, in connection with which issue insurer submitted a requested instruction.

The record develops that insured's surgical and hospital expense resulted from these operations: "Repair left inguinal hernia"; "excision of cancer area on neck"; "surgery—left orchiectomy". The parties jointly introduced in evidence insured's application for the first insurance policy in controversy, which application was dated March 7, 1955. It was clearly indicated therein that insured had sustained a hernia and that there had been a "complete recovery". Insured testified that the fact that he had a hernia was shown in the application (he used the word "policy"). He testified further that he had an "illness beginning on November 8, 1956", and that the illness was in fact a left hernia. Insured also testified that while he was in the hospital in November, 1956, his left

testicle became swollen and that it became necessary to operate on this testicle. Insured testified that the operation on his neck consisted of removing scar tissue which resulted from a prior removal of a skin cancer from his neck. There is no proof tending to show when the scar tissue formed. The surgical charge for removing the scar tissue was $35. The insured's wife testified that she bumped her leg in September, 1956, and that the $36 surgical expense that she sought to recover resulted from said injury.

■ There is no evidence tending to refute or contradict the evidence above referred to which means that the evidence conclusively establishes that all of the diseases or disorders which occasioned the expenses in controversy, with the exception of the removal of the scar tissue from insured's neck, arose or occurred in November, 1956, therefore, several months after the last policy was issued. The rule that a party is entitled to have an instruction on his theory of a case presented to the jury through a proper instruction is without application when there is no evidence tending to support said theory. Peterman v. Rothschild, 103 Okl. 273, 229 P. 579 and cases cited West's Okla.Digest, Trial, ■

■ The jury's verdict was in an amount which was $36 less than the total recovery sought by insured and his wife. Insured contends that this fact unquestionably develops that the jury concluded that insured's wife was not entitled to recover. We are unable to agree. The fact that the expenses incurred by the wife is within the provisions of the policies is clearly established and we are therefore inclined to the opinion that the jury intended that insured should not recover expenses attributable to the removal of the scar tissue from his neck. In view of the fact that the verdict does not exceed an amount which the uncontroverted evidence shows the plaintiffs below were entitled to, the trial court's failure to submit an instruction treating with the removal of the scar

tissue from insured's neck represents harmless error. Indian Territory Illuminating Oil Co. v. Adams, 179 Okl. 129, 64 P.2d 706.

The verdict of the jury and judgment based thereon is reasonably sustained by the evidence and is not contrary to the law, and for said reasons should be and the same is hereby affirmed.

WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, JACKSON and IRWIN, JJ., concur.