**BRADLEY CHEVROLET, INC.,**
**Plaintiff in Error,**

**v.**

**E. O. GOODSON, Defendant in Error.**
**No. 41838.**

Supreme Court of Oklahoma.
Feb. 11, 1969.

Dyer, Powers, Gotcher, Marsh & Kamins, by, Thomas G. Marsh, Tulsa, for plaintiff in error.

Baker & Baker, by, Jay C. Baker, Tulsa, for defendant in error.

DAVISON, Justice.

Bradley Chevrolet, Inc., (defendant below) appeals from an adverse jury verdict and judgment rendered thereon against it for $1500 in favor of E. O. Goodson (plaintiff below).

Defendant's proposition of error and ground presented for vacation of the judgment and for a new trial is that it was the duty of the trial court upon its own motion to properly instruct the jury upon the decisive issues framed by the pleadings and evidence and that the court failed to do so and therefore committed reversible error.

Plaintiff sued to collect on a $1500 bank check executed and delivered by defendant to plaintiff and on which defendant stopped payment. The petition, which was amended to conform to plaintiff's proof, and the evidence of plaintiff, alleged and presented the following described cause of action. That defendant was a new car dealer and on April 21, 1964, the plaintiff and defendant entered into an oral agreement whereby plaintiff was to transfer his 1964 Cadillac to defendant, subject to a secured debt of $5462.42, as a "trade-in" on a new 1964 Chevrolet station wagon and a new 1964 Chevrolet pickup truck; that defendant was to give plaintiff a check for $1500 and plaintiff would give defendant a check for $600 to apply on the purchase of the station wagon and a check for $800 to apply on the purchase of the pickup truck, with the balance on the purchase price of each vehicle to be paid in installments under a finance plan; that plaintiff transferred the Cadillac to defendant and gave defendant a check for $600, and defendant gave plaintiff a check for $1500 and the new station wagon; that plaintiff deposited the $1500 check in his account and it was returned unpaid because defendant had stopped payment thereon; and that the pickup truck portion of the transaction was not completed until in May, 1964, when plaintiff gave defendant a check for $800 plus an additional amount for some extras and received the truck. Plaintiff testified that the procedure of exchanging checks was used at the request of defendant for the purpose of complying with the defendant's method of bookkeeping.

Defendant's answer denied there was an oral agreement, as alleged by plaintiff, and narrated the parties' negotiations for a trade-in of the Cadillac on a new station wagon, including the circumstance that defendant induced the finance company that held the mortgage on the Cadillac to agree to a reduced pay-off figure of $5462.42, and alleged the parties entered into a written contract on April 21, 1964, for the sale by defendant and the purchase of the Chevrolet station wagon by plaintiff whereby plaintiff paid $600 down and was allowed a credit of $189.35 for the equity in the Cadillac. Defendant's answer admitted that it issued its check in the amount of $1500, payable to plaintiff, prior to execution and delivery of the purchase contract, but alleged the issuance thereof was

a mistake, and without consideration, and that the check should have been made payable to the holder of the mortgage on the Cadillac and should have been for $5462.42. Defendant's chief officer testified substantially in accord with the allegations of the answer, except that he stated the $1500 check should have been made to plaintiff and the holder of the mortgage on the Cadillac, and this check and another from defendant, totaling $5462.42, used to satisfy that debt. He also testified that the $1500 figure appeared and was used in the trade and sale computations as the difference between the $5600 estimated value of the Cadillac (free of the mortgage) and the $4100 purchase price of the Chevrolet station wagon and that defendant's bookkeeper made the mistake of issuing a check to plaintiff in that amount.

Defendant contends that the decisive issues were, (1) Were the parties to be bound by the alleged oral agreement as claimed by plaintiff? (2) Were the parties to be bound by the written agreement of April 21, 1964, which constituted the completed transaction? and (3) Was the $1500 check issued to plaintiff by mistake which the plaintiff was aware of?

We point out that the testimony of the plaintiff concerning the oral argument between the parties was admitted in evidence, without objections, by defendant, and that defendant did not demur to plaintiff's evidence, nor move for a directed verdict at the close of all the evidence. Defendant did not present any requested instructions to the trial court. We are not presented with the proposition of whether the verdict and judgment are contrary to the evidence or law. We are concerned only with whether the instructions are sufficient.

■ Defendant cites Smith v. Price, 206 Okl. 659, 246 P.2d 359, for the rule of law that it is the duty of the court to instruct upon the decisive issues framed by the pleadings and evidence, and failure to do so is reversible error.

■ Defendant cites Pechacek v. Hightower, Okl., 269 P.2d 342, for the proposition that where instructions fail to present the theory of a party on which the case was tried and on which evidence was introduced, which theory goes to the right to recover, such failure constitutes fundamental and prejudicial error.

We recognize that these are correct rules of law.

Defendant contends that a part of the court's instructions to the jury, relative to the issue presented by defendant's answer, is clearly erroneous and not supported by any pleadings or evidence.

The first part of this instruction to the jury advised the jury that defendant's answer alleges the agreement for the trade of the Cadillac for the Chevrolet station wagon and defendant's obligation to pay the amount of $5462.42 to the Associate Discount Corporation (holder of the mortgage on the Cadillac). The complaint of defendant is directed at that portion thereof where it advises the jury of defendant's allegation that pursuant to the agreement the defendant executed a check for $1500, which should have been payable to both the plaintiff and the Associate Discount Corporation, but by error and mistake was made payable only to plaintiff; that defendant discovered the error and stopped payment on the $1500 check; and that defendant alleges and states the contract executed April 21, 1964, was the contract the parties agreed to and for which the $1500 check was to be paid the plaintiff and Associate Discount Corporation.

Defendant does not claim the jury was misled or confused by this instruction, but claims it was not supported by any pleading or evidence. From our examination of the record we believe this statement by the lower court was fully supported by defendant's answer and its evidence. Defendant cannot deny that its answer stated it intended to make a check for $5462.42 payable to the holder of the mortgage on the Cadillac, and that its chief officer testified he told plaintiff the

$1500 check should have been payable to plaintiff and the holder of the Cadillac mortgage, and also testified at p. 56 of the record, concerning the indebtedness due on the Cadillac, "I agreed to pay it off."

Defendant complains other instructions failed to submit defendant's theory of defense and the decisive issues. We will narrate them in condensed form.

The court instructed it was the theory of plaintiff that the $1500 check was given pursuant to an oral agreement, which had been fully performed by plaintiff; and that it was the theory of defendant that the agreement was that the check was to be made payable to plaintiff and a third party, and that its issuance to plaintiff alone was a mistake.

The court also instructed the jury that if it found the $1500 check was given to plaintiff pursuant to an oral agreement between the parties, which plaintiff had fully performed, then the verdict should be for plaintiff for $1500, but, if the jury found the agreement of the parties was that the $1500 check should have been issued to both plaintiff and Associate Discount Corporation, then the verdict should be for the defendant.

■■ Defendant does not cite any authorities holding that the giving of these instructions constitutes fundamental and prejudicial error. It is our opinion that from the evidence and the instructions the jury understood the claims and contentions of the parties. It is our further opinion that the instructions did in a general way instruct the jury as to all the issues claimed by defendant to be raised by the pleadings and evidence.

In Lance v. Smith, Okl., 306 P.2d 298, we stated as follows:

"It is the duty of the trial court in instructing the jury on its own motion to instruct upon the decisive issues raised by the pleadings and evidence in the case; but where the trial court does in a general way in its instruction instruct as to all of such issues and either party desires a more specific instruc-

tion as to any of such issues it is his duty to request such an instruction. In the absence of such request the court is not required to do so."

The propositions urged by defendant for vacation of the judgment and a new trial have no merit.

The judgment is affirmed.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.