**HYDE CONSTRUCTION CO. et al. v. SMITH, Adm'x.**

No. 13284—Opinion Filed Dec. 4, 1923.

1. **Municipal Corporations—Obstructions in Street — Proximate Cause of Personal Injuries to One Violating Ordinance.**

A person is not barred from a recovery for injuries sustained by reason of an unguarded, dangerous obstruction in a street, for·the reason that the injury occurred while he was violating an ordinance, unless the injury was the proximate result of the violation.

2. **Same — Contributory Negligence — Jury Question.**

Our Constitution provides, section 6, art. 23: "The defense of contributory negligence or assumption of risk shall, in all cases whatever be a question of fact, and shall, at all times, be left to the jury." In this case it is held, that the trial court did not err in submitting the question of contributory negligence to the jury, and that the line of instructions given properly presented the question to the jury.

(Syllabus by Maxey, C.)

Commisioners' Opinion, Division No. 1.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Cora E. Smith, administratrix of Lincoln Smith, deceased, against Hyde Construction Company, a corporation, and the City of Enid, to recover damages on account of failure of· defendants to properly guard an unfinished grade and bridge in the City of Enid, by reason of which the deceased, Lincoln Smith, fell into an excavation and was so injured that he afterwards died. Judgment for plaintiff below, and defendants Hyde Construction Company and the City of Enid appeal. Affirmed.

McKeever & Moore, for plaintiffs in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by MAXEY, C. The parties will be referred to as they appear in the court below. Cora E. Smith, as administratrix of the estate of Lincoln Smith, deceased, filed her petition in the court below consisting of two causes of action: The first being for the recovery of damages occurring to said Lincoln Smith between the time of the injury and his death, and which cause of action was for the benefit of his estate; and the second cause of action for the benefit of Cora E. Smith, as widow, and Marvel Marie Smith, a minor child of said Lincoln Smith. The action arose out of the fact that the city of Enid contracted with the defendant Hyde Construction Company to build a concrete bridge over Maple street in the city of Enid, and also to pave Maple street on both sides of the bridge. The bridge in question was a large concrete bridge and was located at a point about two blocks east of the business district, and the grading had been completed at the west side of the bridge and was ready for paving, but had not been completed on the east side of the bridge, but had been graded up to 12 or 15 feet of the end of the bridge, which left a hole between the end of the bridge and the point to where they had graded, 10 or 12 feet wide and an irregular depth of from 2 to 10 feet. There had been barriers put up at this place to warn people of the unfinished condition of the work and brush thrown in the road before reaching the bridge, but these had been removed by someone, and at the time of the accident, hereinafter mentioned, there was no barricade or other warning to notify people of the unfinished condition of the work.

On the night of August 29, 1920, about 9:30 o'clock, the deceased, Lincoln Smith, and his brother, Harve Smith, were driving over the city in a Ford automobile, and during their drive someone bantered them for a race and they sped up and were going down the street at a high rate of speed, and a traffic cop, or policeman, saw them and started after them, and chased them for quite a ways, and during the race between the traffic cop, or policeman, and Lincoln Smith, who was driving the car that he and his brother were riding in, Lincoln Smith turned down the street on which this bridge was being constructed and went down the street over the graded road and on to the bridge and over it and went into the hole between the end of the bridge and the grading and received injuries from which he afterwards died. There was some testimony to the effect that Lincoln Smith and his brother had been drinking some during the evening, and counsel for plaintiffs in error insist that they were drunk and were violating the law at the time of the injury, in that they were driving above the speed limit fixed by the ordinance of the city, and that they were resisting an arrest for violating the law, and that for these reasons, plaintiff could not recover. Counsel further insists that the injury was caused by the contributory negligence of the deceased, Lincoln Smith. Counsel for plaintiffs in error also complain of the giving of instruction No. 21, and as it is referred to by both plaintiffs and defendant in error, we copy it here:

"If you find that immediately before and at the time of the alleged accident, the deceased was violating the ordinances of the city of Enid by driving his automobile on its public streets at a rate of speed in excess of the speed limit fixed by said ordin-

ance, and while so doing and in so doing was fleeing from the authorized police officer endeavoring to avoid arrest which the police officer was trying to make for such violation, such conduct constituted negligence per se, that is, in and of itself, on the part of the deceased, and if you find from the evidence that the alleged accident occurred while deceased was so engaged then your verdict should be in favor of both defendants, and against the plaintiff, unless you further believe from the evidence that the conduct of the deceased in so doing was not the proximate cause of the alleged accident and of the resulting damage, if any, and the burden is on the plaintiff to so show." (Given and excepted to by each defendant.)

Counsel for plaintiff in error insist that this instruction is erroneous, especially the latter part of it. We have carefully considered the objections to this instruction in connection with the other instructions given by the court, and are of the opinion that there was no error in the instructions given, including instruction No. 21. This being the only instruction that counsel for plaintiffs in error have argued in their brief, we take it that they do not seriously insist on the other instructions mentioned in their assignments of error, and are of the opinion that the instructions fairly presented the law of the case to the jury. We will not notice them further. It appears to us that the case is narrowed down to the question as to what was the proximate cause of the injury. We think that the opening between the end of the bridge and the grade, unguarded as it was, and into which deceased drove and was injured, was the proximate cause of the injury. The fact that the deceased was fleeing from an officer who was trying to arerst him could not be considered the proximate cause of the injury. The case of Postal Tel., etc., Co. v. Zopfi, 93 Tenn. 369, was a suit to recover damages for personal injuries sustained by the minor daughter of plaintiff at the hands of the defendant company, alleging loss of her services. The facts, substantially, were that defendant had negligently left a telegraph pole lying between the platform and the first stepping stone leading from his front gate to the pike; that his little daughter on her way to school on a rainy day, in stepping over the pole to pass in at the gate, stepped upon the platform, slipped, lost her balance, fell upon the pole, and was injured. On the question of proximate cause, the court charged the jury, concerning which the Supreme Court said:

"We think there is no error in the charge thus given, and the trial judge drew a proper distinction between the cause of the fall and the proximate cause of the injury."

Another illustration of the difference between the contributory cause and the proximate cause is the case where a person fell upon an ice covered pavement into an open cellar, in such case the ice is the cause of the fall, but the open cellar may cause an injury, which, but for it, would not have occurred. In the case of Bales v. McConnell et al., 27 Okla. 407, 112 Pac. 978, an injury was received by falling into a machine that had wheels and cogs in it, and had no shield over or around it to protect persons who might be about the machine. There was a man on a wagon by and near this machine who, without any thought or negligence on his part, slipped down from the wagon, near said machine, which wagon was being loaded with grain, and in said fall, in catching and trying to protect himself, he caught in said cog wheel and his hand was torn, crushed, and mangled. In that case the court said:

"At the most, it can only be said that the exposed cog-wheel gave rise to the condition which made the accident possible, and which was in fact caused by the slipping and falling of the plaintiff from the wagon standing by. A simple test to determine the rule of liability in this case is this: If the plaintiff had not slipped and fallen from the wagon, would the accident have occurred? The answer is necessarily 'No.' Without his slipping from the wagon it could not have occurred, and hence that was the efficient and proximate cause of the accident."

The court, in effect, so held. The court erred. That which caused plaintiff to slip from the wagon was the cause of his fall, but the negligently unguarded cogs were the proximate cause of his injury. While in this case it is contended by plaintiffs in error that the deceased was drunk and violating the law by exceeding the speed limit and resisting arrest, and that he is not entitled to recover on that account. We cannot agree with this proposition. In the case of City of Atchison v. Acheson (Kan.) 57 Pac. 248, the court says:

"A person is not barred from a recovery for injuries sustained by reason of an unnatural, dangerous obstruction in a street or alley, for the reason that the injury occurred while he was violating an ordinance, unless the injury was the proximate result of the violation."

Let it be conceded that the deceased was violating the law in the respects contended by counsel for plaintiffs in error. Yet, at most, he would be subject to a fine and that transaction must be considered outside the case and the case treated as if he had been driving along the road at regulation speed and drove into this opening and suffered the injury from which he died. In other words,

the fact that a person is doing something that he ought not to have done, and which would subject him to punishment does not affect persons having charge of the street and alleys of a city or of construction work to properly safeguard people passing that way by putting up barricades, signs, and other means of warning people that it was dangerous to pass along there. The evidence shows that there was no warning, signs, or barricades, or anything else, but that the opening was left without any protection whatever. We must hold, therefore, that the opening left unguarded, as it was, was the proximate cause of the injury. Now on the other branch of the case, and that is, that the conduct of the deceased contributed to his death. In other words, was the deceased guilty of contributory negligence and was his negligence the cause of his injury? On that question our Constitution says that assumed risks and contributory negligence shall always be a question of fact for the jury, and our, courts have repeatedly held that those questions must be left to the jury. In the case of Wichita Falls & Northwestern Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 211, the court says:

"Complaint is made of the refusal of the court to give certain instructions requested by the defendant, submitting the defense of contributory negligence. The instructions tendered were properly refused. This defense under the Constitution is a question of fact for the jury, and the court should not invade the province of the jury by instructing them that a certain fact or circumstance, or a given set of facts or circumstances, do or do not constitute contributory negligence. The court should simply define the meaning of the term 'contributory negligence' as used in section 6, art. 23, Williams Constitution, and leave it to the jury to say whether the plaintiff's negligence had or had not contributed to the injuries complained of. C., R. I. & P. R. R. Co. v. Duran, 38 Okla. 719, 134 Pac. 876; Osage Coal & Mining Co. v. Sperra, 42 Okla. 726, 142 Pac. 1040; St. L. & S. F. R. Co. v. Long, 41 Okla. 177, 137 Pac. 1156, Ann. Cas. 1915 C, 432; St. L. & S. F. R. R. Co. v. Hart, 45 Okla. 659, 146 Pac. 436. There was no prejudicial error in the instruction given, nor in refusing those requested by defendant."

As before stated, we have carefully considered the instructions given by the court, and think the case was fairly submitted to the jury, and the jury having passed on the question of contributory negligence and the proximate cause, this court will not disturb the verdict, and the judgment will, therefore, be affirmed.

By the Court: It is so ordered.