## TOWN OF HALLETT v. STEPHENS.

No. 17368. Opinion Filed May 3, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

**1. Appeal and Error—Review—Excessiveness of Verdict for Personal Injuries.**

In an action for personal injuries, the verdict of the jury will not be set aside as excessive unless it clearly appears that the jury has committed some gross and palpable error or acted under some improper bias, influence, or prejudice. or has totally mistaken the rules of the law by which the amount of damages is fixed.

**2. Municipal Corporations — Liability of Municipality for Injuries to Employees not Affected by Violation of Nepotism Law in Employment.**

Where S. was employed by the town of H. to operate its water pump to furnish the water supply for the town and remained in such employment for several months, receiving compensation for his services, paid in the usual manner by the town board, and receives personal injuries while in such employment, which injuries are found to be due to the negligence of his employer, his right to recover damages for such injuries is not affected by the fact that his father was chairman of the town board and that his employment by the town board was a violation of the nepotism laws of the state of Oklahoma.

**3. New Trial—Quotient Verdict Valid Where not Agreed Upon in Advance.**

A verdict will not be set aside merely because the amount thereof was the result of a compromise between jurors, nor because the amount was found by adding together the amounts the several jurors thought should be given and dividing the sum by 12, if there was no agreement in advance to return a verdict for the quotient so found.

**4. New Trial—Compromise Verdict Unsupported by Evidence.**

It is only where the verdict cannot be justified upon any hypothesis presented by the evidence that it should be set aside on the ground that it is a compromise verdict.

**5. Municipal Corporations—Liability that of Private Concern for Injuries to Employees.**

A city or town operating its plant to

furnish water for the inhabitants thereof assumes the same responsibilities to its employees operating such plant who may be injured therein as private persons and private corporations running similar plants.

Error from District Court, Pawnee County; Luther James, Judge.

Action by M. H. Stephens against the Town of Hallett. Judgment for plaintiff, and defendant appeals. Affirmed.

Charles Besly and Prentiss E. Rowe, for plaintiff in error.

McCollum & McCollum, for defendant in error.

PHELPS, J. This cause presents error from the district court of Pawnee county; the facts out of which it grew being substantially as follows: M. H. Stephens, the defendant in error, claims that he was employed by the town of Hallett, plaintiff in error, to run and operate the gas pump which pumped the water supply for the town, and that plaintiff in error was negligent in failing to furnish him safe tools and appliances with which to work and negligent in failing to furnish him a safe place in which to perform his duties, and, as a result of such negligence on the part of the town of Hallett, in attempting to start the engine which operated the pump, he received certain personal injuries, for which he filed suit for damages in the district court of Pawnee county.

The cause was tried to a jury, resulting in a verdict in favor of plaintiff, the defendant in error here, in the sum of $9,055, and from the judgment rendered on such verdict this appeal is prosecuted.

One of the grounds for reversal urged by plaintiff in error is that the verdict of the jury and the judgment thereon is excessive. In their briefs counsel urge that defendant in error merely suffered a broken arm, and cite a number of decisions upholding their contention that for the injury received the verdict is excessive. An examination of the record, however, discloses that the arm was broken between the wrist and the elbow; that the fragments of the bone protruded through and lacerated the flesh, probably resulting in infection to the wound, rendering it impossible, because of the injury to the flesh, to properly splint the arm; that it became necessary for the surgeon to perform two or three operations, removing portions of the bone, and although more than a year had elapsed between the time of the injury and the date of the trial, the defendant in error had not then recovered from the injury, and at the trial the doctor testified that at the point of injury the bone was not rigid, but was united by what is called a fibrous union, and that it would probably be necessary to perform another operation, sawing or cutting away the ends of the injured bone, before a perfect union could be had, and even then a recovery was doubtful. It appears from the evidence that the defendant in error suffered excruciating pain, and after hearing all the evidence, the jury fixed the amount of his recovery and the trial court approved the same by rendering judgment on the verdict, and we are entering no unexplored territory, but are following a well-beaten path, when, considering the record as a whole, we refuse to interfere with the jury's finding and the court's judgment.

In City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186, this court held that in an action for personal injury a verdict of the jury will not be set aside for excessive damages unless it clearly appears that the jury has committed some gross and palpable error or acted under some improper bias, influence, or prejudice, or has totally mistaken the rules of law by which damages are regulated.

This rule was followed by this court in Muskogee Electric Traction Co. v. Wimmer, 80 Okla. 11, 194 Pac. 107, in the second paragraph of the syllabus of which this court said:

"It would be impossible to recount all the factors which enter into the common and general notion of what is fair and just as a basis to measure the damage for personal injuries. There can be no absolute standard to measure such damages, and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury which fixes the award. And in an action for personal injury a verdict will not be set aside for excessive damages unless it clearly appears that the jury committed some gross and palpable error, or acted under some improper bias, influence, or prejudice, or has totally mistaken the rules of law by which damages are regulated."

Such was also the holding in Sand Springs Ry. Co. v. Westhafer, 92 Okla. 89, 218 Pac. 525, and that rule was adhered to by this court in the recent cases of City of Pawhuska v. Black, 117 Okla. 108, 244 Pac. 1114, and St. L.-S. F. Ry. Co. v. Simmons, 119 Okla. 1, 245 Pac. 894.

It will be observed that in these cases there is a departure somewhat from the rule laid down in the earlier cases cited in the briefs of plaintiff in error, but it is a matter of common knowledge that within the

last few years the cost of the necessaries of life has gone higher and higher, and consequently the purchasing power of a given sum of money is much less than it was a few years ago when the opinions in the cases cited by plaintiff in error were written, and we think it not unjust to suggest that a man 27 years of age receiving a possible permanent injury to his arm is in no better position with the amount of the judgment here rendered in his pocket today than he would have been a few years ago with half that sum in his possession.

It is next urged by plaintiff in error that defendant in error should not recover, for the reason that he was the son of J. C. Stephens, the chairman of the board of trustees of the town of Hallett, and his employment was a violation of the nepotism statute of Oklahoma and he could, therefore, not be considered an employee at the time he received the injuries complained of, but that he was a mere trespasser.

Section 1653, C. O. S. 1921, makes it unlawful for any executive, legislative, ministerial, or judicial officer to appoint or vote for the appointment of any relative to a position of employment where his salary or wages are paid from the public funds under the control of such officer, and section 1654 makes it unlawful for any such officer to authorize the payment of any such salary or wages, and section 1656 provides that:

"Any person related within the third degree by affinity or consanguinity to any member of either the legislative, judicial or executive branch of the state government shall not be eligible to hold any clerkship, office, position, employment or duty in such branch of the state government."

And sections 1657 and 1658 provide a penalty for the officers violating the provisions of the act.

It will be observed that nowhere is a penalty provided for one who accepts such employment, but the inhibition is directed against the employing officer, except that section 1656 provides that such relatives shall not be eligible to hold any such position, but this section seems to relate entirely to positions in the state government.

It appears that defendant in error had for several months occupied the position at which he was working when he received the injury complained of and that he had been paid for his services out of the public funds of the town treasury upon claims regularly allowed by the town board. It is contended by defendant in error that even if it should

be conceded that our nepotism statute is sufficiently broad to prohibit him from accepting employment at the hands of the town board, of which his father was chairman, before he would be prohibited from recovering damages for injuries resulting from the negligence of his employer it must appear that his unlawful act in accepting such employment had some causal connection with the injury complained of, and Marland Refining Co. v. Duffy, 94 Okla. 16, 220 Pac. 847. and Hyde Construction Co. v. Smith, 94 Okla. 81, 221 Pac. 34, seem reasonably to sustain this position.

We reach the conclusion, however, that the facts surrounding the employment of defendant in error by the town board of which his father was chairman, as shown by the record herein. could in no way affect his right to recover in the instant case.

In Rock Island Coal Mining Co. v. Gilliam, 89 Okla. 49, 213 Pac. 833, a minor under the age of 16 years was permitted to work in a coal mine in violation of section 7218, C. O. S. 1921. He received injuries while thus employed, and from a judgment for damages rendered in his favor appeal was prosecuted, and in the second paragraph of the syllabus this court said:

"Where a minor is set to work at a hazardous employment in violation of the statute, and receives an injury, the employer cannot avail himself of the provisions of the Workmen's Compensation Act and the minor can maintain a common-law action for recovery of damages for injury."

The facts there differ from the facts in the instant case, but the principles of law involved are similar.

It is further contended by plaintiff in error that the relationship of employer and employee did not exist between plaintiff in error and defendant in error, for the reason that the board of trustees had never formally employed the defendant in error to operate the pump in question. The trial court instructed the jury:

"That, although you may believe from the evidence that the defendant did not formally employ the plaintiff by a resolution of its trustees duly assembled, yet, if you shall believe from a preponderance of the evidence that the plaintiff was put to work by the members of the board of trustees of said town and they suffered and permitted plaintiff to work as pumper and accepted his services as such. that would be employment of the plaintiff to do the work testified about"

—and of this instruction plaintiff in error complains.

The members of the town board and the town clerk each testified that they knew that defendant in error was operating the pump in question, and that he received his pay for such services in the regular manner.

In Fretz v. City of Edmond, 66 Okla. 262, 168 Pac. 800, in paragraph 2 of the syllabus this court said:

"Municipal corporations in operating a water plant exercise business and administrative functions, rather than those strictly governmental in their nature, and in the exercise of such functions are governed largely by the same rules applicable to individuals or private corporations engaged in the same business."

The record discloses a state of facts which, in our judgment, shows the relation of employer and employee to exist to the extent that the plaintiff in error owed the same obligation to defendant in error as it would have owed if he had been formally employed by a resolution of the entire board as such at a regular meeting.

The verdict was signed by only ten members of the jury, and in support of its motion for new trial the defendant presented the affidavit of one of the jurors who did not concur in the verdict, to the effect that when the jury retired to deliberate the foreman made the statement that the town of Hallett could be prosecuted for not carrying insurance for its employees, and that the affiant believed that such statement on the part of the foreman of the jury had much weight with the jury in arriving at a verdict for the plaintiff. The affidavit further stated:

"That the verdict was arrived at by means of an agreement that each juror should decide what in his judgment the plaintiff should be allowed as damages, and the several sums added together and divided by 12, the number of jurors, and the quotient should be the verdict of the jury or the verdict of any nine who would sign the verdict, and that was the way said verdict of $9,055 was finally reached" .

—and plaintiff in error urges that because of the facts shown in such affidavit the trial court committed error in overruling its motion for new trial.

As sustaining their contention, counsel cite Bank v. Ross, 52 Okla. 642, 152 Pac. 1113, holding that as a general rule.

"Affidavits of jurors are admissible to explain and uphold their verdict, but not to impeach and overthrow it. But this general rule is subject to this qualification: That affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial, or in the jury room, which does not essentially inhere in the verdict itself. * * *"

We are not willing, however, to extend this rule to the extent of saying that the losing litigant is entitled to a new trial merely because one of the jurors sees fit to express in an affidavit his belief that the comment of another member of the jury on matters which were neither in the pleadings nor evidence "had much weight with the jury in arriving at a verdict."

As supporting its objection to the manner in which the affidavit states the jurors arrived at their verdict, plaintiff in error cites Oklahoma, K. & M. Ry. Co. v. McGhee, 84 Okla. 116, 202 Pac. 277, in the third paragraph of the syllabus of which this court said:

"A verdict will not be set aside merely because the amount thereof was the result of a compromise between jurors, nor because the amount was first found by adding together the amounts the several jurors thought should be given and dividing the sum by 12, if there was no agreement in advance to return a verdict for the quotient so found. Where the jurors agree in advance to be bound by a quotient so determined, or where the consent of any juror to a verdict is determined by any resort to chance, a new trial must be granted."

Counsel for defendant in error also cite this case, contending that the affidavit in question, when measured by the rule laid down in this case, is insufficient to justify the granting of a new trial.

An examination of the affidavit shows no statement therein that the jury agreed in advance that whatever the quotient might be would be their verdict, but, according to the affidavit, this seems to have been the manner adopted for the purpose of reaching the amount plaintiff was entitled to recover, and then after such amount was determined it should be the verdict of any nine members of the jury who saw fit to sign it. We, therefore, cannot agree with the contention of plaintiff in error that the affidavit shows an agreement on the part of the jurors to be bound by the quotient thus obtained, but at most it shows only a compromise verdict and, therefore, does not come within the rule laid down in the latter clause of the above quotation from Oklahoma, K. & M. Ry. Co. v. McGhee, and we here reaffirm the rule laid down by this court in Maley v. Lamerton, 113 Okla. 168, 240 Pac. 716, when in the second paragraph of the syllabus this court said:

"It is only where the verdict cannot be justified upon any hypothesis presented by

the evidence that it should be set aside on the ground that it is a compromise verdict."

It is further contended by plaintiff in error that there was not that degree of negligence shown by the evidence necessary to render plaintiff in error liable, but a sufficient reply to that argument is the well-worn statement of this and other courts that where questions of fact are submitted to a jury the verdict will not be disturbed on appeal where there is any evidence reasonably tending to support the same. The jury found that there was negligence on the part of the employer, and in City of Durant v. Allen, 67 Okla. 1 168 Pac. 205, this court said:

"In operating this electric light plant, defendant (city) assumed the same responsibilities to its employees injured therein as private persons and private corporations running similar plants. Riley v. City of Independence, 258 Mo. 671. 167 S. W. 1022."

There are a number of other assignments of error set out and briefed, but an examination of them convinces us that there are no errors in the record sufficient to justify a reversal of the judgment of the district court, and the same is, therefore, in all things affirmed.

All the Justices concur.

Note.—See under (1) 4 C. J. p. 872. §2847. (2) 28 Cyc. p. 1266. (3) 29 Cyc. p. 812; 38 Cyc. p. 1845. (4) 29 Cyc. p. 812; 38 Cyc. p. 1847. (5) 28 Cyc. p. 1263.