Sarah COX, Plaintiff in Error,

v.

The CITY OF CUSHING, a Municipal Corporation, Defendant in Error.

No. 37427.

Supreme Court of Oklahoma.

April 16, 1957.

Philip R. Douglas, Ralph J. May, Oklahoma City, for plaintiff in error.

Sterling N. Grubbs, Cushing, for defendant in error.

JOHNSON, Justice.

This is an action brought by Sarah Cox against the City of Cushing, Oklahoma, to recover personal injury damage alleged to have been sustained by her when she slipped and fell on the floor in the City Hall Building owned and maintained by defendant, City of Cushing.

Plaintiff in her petition in substance alleges that on the 2nd day of July, 1955, she was in the City Hall of the City of Cushing as a business invitee, and as a result thereof said defendant owed to her the duty to exercise ordinary care to keep the premises in a reasonably safe condition for persons entering the building and to warn them of any dangerous condition on the premises; that while plaintiff was transacting her business in the City Hall, which consisted of making arrangements for water service to a house owned by this plaintiff, she slipped and fell, injuring herself severely, which injury she described in detail and alleges that such injury is permanent. She alleged the following acts of negligence:

"(a) Defendant was negligent in that it used an excessive amount of oil, wax or other polishing agent on said floor of its City Hall which caused the said floor to become dangerous and slick.

"(b) Defendant was further negligent in that having used said excessive amount of oil, wax or other polishing agent on the said floor it allowed same to remain without regard to the danger which it created for persons and more particularly this plaintiff who might be walking upon same.

"(c) Defendant was further negligent in that having created this dangerous and hazardous condition, as set out in sub-paragraphs (a) and (b) above, it failed to warn the plaintiff of said dangerous condition and thereby prevent an accident such as the one complained herein."

She alleges that as a result of such injury she was medically treated and hospitalized and incurred medical, doctor and hospital bills for treatment in the sum of $1,250. She prays for damages in the total sum of $7,500 and costs of the action.

Defendant demurred to the petition on the ground that it failed to state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant. The trial court entered an order sustaining the demurrer.

Plaintiff declined to plead further and elected to stand on her petition, brings the case here on appeal and assigns this ruling as error.

Defendant's main contention is that the city in erecting and maintaining its City Hall acts in a governmental capacity and is therefore not liable to plaintiff for damages for injuries sustained by her because of negligence of the city in the maintenance of the floors of the building.

■ The general rule is that a municipality in the erecting and maintenance of the City Hall is acting in a governmental capacity and is not liable in tort for negligence of officers and employees in the maintenance of the building.

In 63 C.J.S., Municipal Corporations, § 901, the rule is thus stated:

"In the absence of a statute imposing such liability, a municipal corporation is not liable for negligence in the construction and maintenance of buildings or apparatus used solely for governmental purposes, or for injuries caused by defective appurtenances to buildings used for governmental purposes. This rule applies to a courthouse and its appurtenances, including the sidewalks adjacent thereto, to a city or town hall and its appurtenances, to a municipal auditorium, and to other public buildings, such as schoolhouses as discussed infra § 902, police or fire stations, infra § 903, prisons, jails or workhouses, infra § 904, and hospitals or pesthouses, infra § 905."

Plaintiff's contention is that the operation of the City Hall for the collection of water bills is a proprietary business function for which the city is responsible in tort for negligence.

■ Defendant contends that such issue is not raised by plaintiff's petition; that plaintiff does not allege that the City of Cushing maintains in its City Hall offices for the collection of water bills, nor does she allege that the defendant city was engaged in a proprietary function of furnishing water service to plaintiff, or to the inhabitants of the City of Cushing. While it is true as contended by defendant that plaintiff does not so specifically allege in her petition, she does, however, allege that she entered the City Hall of the City of Cushing as a business invitee; that her purpose in entering the hall was to make arrangements for water service to a house owned by this plaintiff. It may be doubted whether this allegation contained in her petition is sufficient to raise such issue. The view we take of this case renders it unnecessary to definitely decide this question. It is, of course, well settled that the operation of a municipal waterworks by a city is a proprietary function, and in the exercise of such function the city is governed largely by the same rules as are applicable to private corporations. City of Oklahoma City v. Hoke, 75 Okl. 211, 182 P. 692; Town of Hallett v. Stephens, 125 Okl. 157, 256 P. 921. It does not, however, necessarily follow that the mere fact that the defendant in maintaining and operating its City Hall, maintains in the City Hall offices and employees for the collection of water bills, the city in doing so is engaged in the performance of a proprietary function rather than a governmental function in the maintenance of its City Hall and the floors thereof. Speaking on this question, McQuillin on Municipal Corporations, 3rd Ed., Vol. 18, sec. 53.92 says:

"* * * it is generally held that if the building is used exclusively for a public purpose, the municipality is not liable for injuries resulting from defects therein or other negligence connected therewith. For instance, it is held in most jurisdictions that there is no municipal liability where the neg-

ligence is in connection with a prison or jail, school building, city courthouse, or city hall. However, if a municipality lets a portion of a city hall for hire, and a person attending an entertainment is injured by a defect, the municipality is liable if it has been negligent.

"The mere fact that a portion of a city hall is occupied by the water department, city collector, and superintendent of streets, none of which departments pay any rent, does not make the municipality liable for negligence in connection therewith. But municipal liability may arise due to the defective condition of a public building used primarily for offices of city employees conducting a municipal light plant or other utility for gain, or, so it is held in some states, if the building is used partly for business purposes and partly for governmental purposes."

In Kelly v. City of Boston, 186 Mass. 165, 71 N.E. 299, 300, 66 L.R.A. 429, the court held that where a city hall was occupied in part by the city water department and city collector, such departments not paying any rent, and a person's property was injured through negligence of the city's servants in throwing snow from the roof of the hall, the fact of such occupancy did not render the city liable. In the body of the opinion the court said:

"* * * The argument for the plaintiff is that because of this occupation by several departments which collect money for the city, the defendant is liable, as any private person. But no case has gone to this extent. All of the departments mentioned are strictly municipal departments of the city, and must be housed by the city. The only case in which a city has been held liable on account of the occupation of a city hall is where it lets a substantial portion of it for hire, and a person invited to a private entertain-

ment is injured by a defect therein. * * *"

In Day v. City of Berlin, 1 Cir., 157 F.2d 323, the court held that the city in maintaining in its City Hall a woman's lounge and lavatory in which there were one free and two pay toilets was engaged in a public and governmental function, and was not liable to one who sustained an injury on the way to the lounge, notwithstanding the fact plaintiff intended to use a pay toilet.

In Schwalk's Adm'r v. City of Louisville, 135 Ky. 570, 122 S.W. 860, 25 L.R.A.,N.S., 88, the court held a municipal corporation in maintaining a City Hall for the use of its officers and agents as a place for transacting its business performs a public and governmental duty, and is not liable for the negligence of its agents and servants in the transaction of such business.

The city in maintaining and keeping in repair the floors of the City Hall does so for the convenience and accommodation of all persons visiting the hall and transacting business therein. No part of the hall is maintained and kept in repair solely for the use and benefit of any particular department of business carried on in the City Hall but is maintained for all alike. There is no allegation in plaintiff's petition that the defendant in maintaining its City Hall is doing so primarily for use in connection with its water department, and counsel in their brief do not so contend. Therefore, the mere fact that plaintiff may have entered the hall for the purpose of making arrangements to obtain water connections for her house does not change the rule that the city in maintaining the floors in the City Hall was engaged in the performance of a governmental rather than a proprietary function.

Defendant further contends that plaintiff's appeal should be dismissed for the reason that it was not filed in this court within the time specified by law. This question has heretofore been disposed of

by motion to dismiss the appeal. The motion was denied. We see no reason for changing the ruling.

We conclude that the trial court ruled correctly in sustaining defendant's demurrer to plaintiff's petition.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HALLEY, WILLIAMS and JACKSON, JJ., concur.