**Ollie LEACH, Plaintiff in Error,**

v.

**W. C. (Bill) HALL, Defendant in Error.**

No. 41221.

Supreme Court of Oklahoma.

May 24, 1966.

Rehearing and Motion to Recall Mandate Denied Sept. 27, 1966.

Lampkin, Wolfe & Blankenship, Oklahoma City, for plaintiff in error.

O. H. (Pat) O'Neal, Tulsa, Rucker, Tabor, Shepherd & Palmer, Tulsa, of counsel, John R. Couch, Melvin F. Pierce, Oklahoma City, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for defendant in error.

DAVISON, Justice.

Ollie Leach (plaintiff) instituted this action in the lower court against W. C. (Bill) Hall (defendant) to recover for personal injuries suffered by plaintiff on October 29, 1954, as a result of the allegedly negligent acts of an employee of Hall, committed while setting the substructure or base for an oil drilling rig preliminary to the actual well drilling. Plaintiff was injured when the substructure fell on him. The parties will be referred to by their trial court designation. The issues pre-

sented by the pleadings included the issue of whether the employee, Crouch, was at the time of the accident the employee of defendant. Specifically defendant's contention was that at the time of the accident Crouch occupied the status of a loaned servant of Kerr-McGee Drilling Company. At the close of plaintiff's evidence on April 13, 1964, the trial court sustained defendant's demurrer to the evidence on the ground that such evidence reflected in fact and law that Crouch was a loaned servant of Kerr-McGee. Consequently the acts of negligence, if any, were not the liability of defendant. Plaintiff has appealed from that order and judgment.

The answer to the question of whether the plaintiff's evidence showed that Crouch was the loaned servant of Kerr-McGee is determinative of this appeal.

This case is in effect a companion case to No. 40694, Smith v. Hall, Okl., 418 P.2d 665, in which an opinion was promulgated on this date. The plaintiff in that case and the plaintiff in this case were both employees of Kerr-McGee and were both injured in the same accident when the substructure fell over while being raised by the bulldozer being operated by Crouch. In both cases the trial court sustained a demurrer to the respective plaintiff's evidence on the same grounds.

From our examination of the record in the present appeal it is our conclusion that the evidence, insofar as same applies and is pertinent to the proposition of loaned servant, is substantially the same or to the same effect as that presented by the plaintiff in the other case.

 It is our opinion that under plaintiff's evidence in the present case the trial court was justified in concluding that at the time of the accident Crouch was the loaned servant of Kerr-McGee, and consequently failed to show a liability on the part of defendant. Our reasons for this conclusion and the law sustaining the same are fully set forth in our opinion in No. 40694, Smith v. Hall, supra. We adopt and apply that decision as determinative of the present appeal.

The order and judgment of the trial court is affirmed.

JACKSON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.