Phyllis Olive PURVIS, Plaintiff in Error,

v.

MIDWEST CITY, a Municipal Corporation,
Defendant in Error.

No. 41839.

Supreme Court of Oklahoma.

Feb. 18, 1969.

J. Hugh Herndon, Midwest City, for plaintiff in error.

Edward H. Ferrish, Midwest City, for defendant in error.

LAVENDER, Justice.

This appeal, by the plaintiff in an action against a municipal corporation for damages resulting from alleged tort on the part of the defendant city, involves the order of the trial court sustaining the defendant's motion for summary judgment and rendering judgment in favor of the defendant city.

Rendition of such a judgment is provided for in Rule 13 of the rules of this court for the district, superior and common pleas courts of this state:

"A party may move for judgment in his favor where the deposition, admission, answers to interrogatories and affidavits on file show that there is no substantial controversy as to any material fact. The adverse party may file affidavits or other materials in opposition to the motion. The affidavits which are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein and shall set forth facts that would be admissible in evidence. The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law. * * *"

In addition to allegations concerning her injuries and the damages resulting therefrom, the plaintiff alleged, in her amended petition, that on a stated date while answering a notice by the defendant to appear and pay her water bill—issued by the defendant in its proprietary function of operating a water system for profit—or be cut off, the plaintiff fell into a deep hole or crevasse upon the grounds of the city and sustained permanent physical and mental injuries; that the negligence of the defendant in failing to offer some warning that this hole existed and by keeping the hole secreted and hidden was the proximate cause of the plaintiff's injuries; that the hole that caused the plaintiff to fall was located in front of the Midwest City Water Department Offices at 300 Mid America in Midwest City, Oklahoma, at a point five feet in front of the shrubs on the front of said building and forty inches east of the walk leading to the main entrance of the building on the south side thereof; and that the plaintiff proceeded to the front door of said building at an approximate 40-degree angle from the southeast curbline or 135 degrees from true north.

In addition to a general denial and an allegation that any injuries which may have been sustained by the plaintiff were caused, or contributed to, by her own negligence and want of care, the defendant pleaded in its answer that the location where the plaintiff alleges she fell, at 300 Mid America in Midwest City, Oklahoma, is operated by the city as the City Hall of said city and as a governmental function of the city. In support of this last-mentioned plea, the defendant alleged that said building houses the city's accounting, bookkeeping and auditing offices, and the offices of the City Clerk, Manager, Engineer, Director of Public Works, Planning Director, Plumbing Inspector, Electrical Inspector, Building Inspector, and the Permit Department and for all other functions of the city government, as well as offices for the collection of water utility bills, sanitation bills, and sanitary sewer service charges; and that, in addition to the City Hall, the Police Department and Fire Department are located on the property which is known as 300 Mid America in Midwest City.

Two separate affidavits attached to the answer, one by the City Clerk and acting City Manager of Midwest City (who state that, on the date in question, he was the City Clerk of said city), and the other by a person employed in the accounting and billing office of said city (who states that, on the day in question, she was so employed), state, on the personal knowledge

of the affiant, that, on the date in question, the building at 300 Mid America in Midwest City, in front of which the plaintiff alleges she fell, housed the offices listed in the defendant's answer and was operated and maintained as the City Hall of the City of Midwest City.

The defendant filed its motion for summary judgment on the same day that it filed its answer, and, on the same day, notice of such motion and of the hearing thereof was served on the attorney of record for the plaintiff.

The journal entry of the trial court's action on that motion for summary judgment recites that, before ruling on the motion, the trial court asked the attorneys for both parties if they desired to file any other pleading and both elected not to do so.

In its journal entry, the trial court found that the defendant's motion for summary judgment should be sustained under and by virtue of the case of Cox v. City of Cushing (1957), Okl., 309 P.2d 1079. In that case, this court held in the first paragraph of its syllabus that:

"A municipality in maintaining a City Hall for the transaction of public business is engaged in a governmental function, and therefore is not liable in damages for an injury sustained by a person entering the building for the transaction of business because of the negligence of its employees in the maintenance of the floors of the building."

In addition to arguing that the city was engaged in the performance of a proprietary function—the operation of its water utility system, or the renting of office space to its water department—and, therefore, as a matter of law, was subject to the same liability for tort as a private person or corporation doing the same thing would be, the plaintiff argues on appeal: (a) that the affidavits upon which the court based its decision are "self-serving declarations" of city employees of the defendant, and (b) that the acceptance of affidavits as fact deprived the plaintiff of her right of cross-examination in violation of the federal constitution and the Constitution of the State of Oklahoma, and (c) that, in any event, the affidavits did not dispose of the issue of contributory negligence pleaded by the defendant.

■ The plaintiff cites no authority which would make the acceptance of such affidavits in support of such a motion erroneous, and it is to be noted that she failed to file counter-affidavits as she could have done under 12 O.S.1961, § 431 as well as under Rule 13 of this court, supra. Also, the plaintiff could have filed a reply controverting the defendant's allegations concerning its use of the building and grounds in question (12 O.S.1961, §§ 263 and 280), but elected not to do so. Under the pleadings and the affidavits, there was no substantial controversy as to the facts concerning the defendant's use of the building and grounds in question, so, if, under the uncontroverted facts, the defendant was using the building and appurtenant grounds in the performance of a governmental function, it would, as a matter of law, be immune from liability for any damages sustained by this plaintiff and any issue of fact concerning the plaintiff's negligence or contributory negligence would be wholly immaterial.

■ As we understand it, a part of the plaintiff's argument against the city's immunity from liability for tort in this case is a contention that the hole into which she alleges she fell and was injured was near a "sidewalk" belonging to the city, and, under the law, the city has a duty to maintain its sidewalks and areas adjacent thereto in a reasonably safe condition or to warn those using the sidewalk of any dangerous condition which is known, or should be known, to the city, and is liable in damages for failure to do so. This, undoubtedly, is a correct statement of law, and, under Lane v. City of Tulsa (1965), Okl., 402 P.2d 908, the rule would be applicable even though the dangerous condition is the result of the performance of a governmental function. However, this contention overlooks the

fact that such duty of the city with reference to its "sidewalks" and areas adjacent thereto is a part of its duty concerning its "streets," including any sidewalks, parkways and other areas within the right-of-way for a street [see City of Holdenville v. Talley (1952), 205 Okl. 693, 240 P.2d 761], and the plaintiff's amended petition clearly indicates that the walkway involved herein was not a "sidewalk" but was a walkway leading from a street to the building in question, and that, at the time in question, the plaintiff was not even attempting to use that walkway but was cutting across the grounds in front of the building involved.

■ Another of the plaintiff's contentions seems to be that there was a landlord-tenant relationship between the city and its water department, and that, under cases such as Arnold v. Walters (1950), 203 Okl. 503, 224 P.2d 261, it was the duty of the city as a landlord to maintain those premises in a safe condition. Neither the pleadings nor the affidavits involved herein even suggest such a landlord-tenant relationship.

Plaintiff's remaining contention against the city's immunity from liability for tort in this case is that, in the maintenance of the building and grounds in question, the city was engaged in the performance of a proprietary function, because the operation and maintenance of a water system is a proprietary function, and (a) the offices of its water department were located in the building which she was entering, for the purpose of transacting business with that department, when she fell, or (b) the building involved was maintained by the city, exclusively or at least primarily, as the offices of its water department, or (c) the city was the landlord of the water department, collecting rent from that department for the use of office space in the building.

■ Quotations set forth in this court's opinion in Cox v. City of Cushing, supra, would tend to support this contention by the plaintiff, if the building in question were maintained, either exclusively or primarily, as the offices of its water department, or if the water department paid rent to the city for the use of office space in the building, but neither the pleadings of the parties or the affidavits involved even suggest that there was such a rental arrangement or that the building was maintained by the city, either exclusively or primarily, as the offices of its water department, and the affidavits negative the contention that the building was maintained by the city, either exclusively or primarily, as offices for its water department. And, in Cox v. City of Cushing, wherein the plaintiff had alleged that she had sustained injuries when she slipped and fell on an over-waxed, or oil, floor in the City Hall of the defendant city while in the building to arrange with the water department for water service at her home, this court denied the plaintiff's contention that, in the maintenance of its City Hall, the city was engaged in the performance of a proprietary function, rather than a governmental function, merely because the office of its water department was one of the offices located in the same building. Except that the plaintiff in the present case alleged that she fell on the grounds just outside an entrance to the City Hall of the defendant city, rather than inside the building, the situation in this case is substantially the same as the situation in Cox v. City of Cushing, and we fail to perceive how that difference in places of falling could make this plaintiff's legal position any better than that of the plaintiff in the other case. Insofar as the pleadings and the affidavits involved in the present case are concerned, the City of Midwest City, in the operation and maintenance of its City Hall and adjacent grounds, was not engaged in the performance of a proprietary function, but was engaged in the performance of a governmental function, and, as a matter of law, is not liable in damages for the tort alleged by the plaintiff.

Under the pleadings and affidavits on file in this case, there was no substantial controversy as to any material fact and, as

a matter of law, the defendant city was entitled to judgment. In those circumstances, the trial court was authorized, by Rule 13 of the rules of this court for the district, superior and common pleas courts, to render judgment for the defendant city.

Judgment affirmed.

All the Justices concur.