John L. PARKS, Appellee,

v.

The CITY OF OKLAHOMA CITY, Oklahoma, a Municipal Corporation, Appellant.

No. 48539.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 28, 1976.

Released for Publication by Order of Court of Appeals Jan. 20, 1977.

Courbois, Swanson & Musser by Frank R. Courbois, III, Alvin R. Leonard, Oklahoma City, for appellee.

Walter M. Powell, Municipal Counselor by Dick A. Blakeley, Asst. Municipal Counselor, Oklahoma City, for appellant.

REYNOLDS, Presiding Judge.

The defendant, the City of Oklahoma City, appeals rulings of the trial court on the admission of documents and testamentary evidence. The excluded matter is alleged to establish the defense the City proposed to raise to John L. Parks' action against it for personal injuries, property damage and lost wages. These damages were incurred when a city employee, driving a city truck, collided into the rear of plaintiff's Corvette automobile. It is now conceded that the negligence of the driver of the city truck, Mr. Copeland, caused the collision. The jury fixed Mr. Parks' damage at $18,000.

The effect of the trial court's rulings on the offered evidence was to exclude from this jury trial the defense raised in the amended answer of the defendants. In pertinent part it reads:

"That if the employee of the City of Oklahoma City was negligent as alleged by plaintiff, . . . the said Billy Copeland was acting in the nature of a loaned servant for Oklahoma City Municipal Improvement Authority."

The City now raises three points of error for review. First it alleges that 11 O.S. 1971, §§ 330.51 & 330.52 statutorily establishes that the city water department is a governmental function under the first of the above statutes and clothed with immunity from suit by the second. The second and third points of error deal with the

exclusion of the issue of loaned servant from the consideration of the jury.

The statutes under consideration are 11 O.S.1971, §§ 330.51 & 330.52:

"§ 330.51 *Contract or Lease For The Purchase, Sale And Distribution of Water —Extensions* The governing body of any incorporated city or town is hereby empowered to enter into a contract or lease program of governmental function for the purpose of buying, selling or distribution of water, with any non-profit organization, persons or water development or distribution corporation inside or outside of the city limits in areas that the city or town are not supplying or servicing with a source of water, at the time that the said contract and lease arrangements are made with said governing body, provided, however, that annual contracts for sale of water may be extended from year to year at the option of the contracting parties.

"§ 330.52 *Acts as Governmental* All such facilities, contracts, leases, activities and programs and performance thereof, on behalf of the incorporated city or town shall be governmental in nature; and that no liability for negligence shall accrue against any participating city or town; said acts being governmental."

█ The defendant City contends that the first quoted statute, 11 O.S.1971, § 330.-51, in providing ". . . is hereby empowered to enter into a contract or lease program of governmental function for the purpose of buying, selling or distribution of water . . . ." is a statutory revocation of the generally accepted Oklahoma rule that the operation of a municipal water system is a proprietary function of government. *Okla. City v. Moore*, Okl., 491 P.2d 273 (1971); *Cox v. City of Cushing*, Okl., 309 P.2d 1079 (1957); *Town of Hallett v. Stephens*, 125 Okl. 157, 256 P. 921 (1927). However, to construe such an intent to the language of 11 O.S.1971, § 330.51 would be to ignore the provision of Article 5, Sec. 57 of the Oklahoma Constitution stating "Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title . . . ." Since the subject expressed in the title to an act limits the scope of that act, *Oklahoma City v. Prieto*, Okl., 482 P.2d 919 (1971), it is clear that § 330.51 does not change the proprietary character of the operation by the city of its water system, but empowers a city to make a "Contract or lease for the purchase, sale and distribution of water". The second statute, 330.52, restricts the liability of the city for acts done by the contracting authority "on behalf of" the city by declaring that acts done on behalf of the city are governmental. The clear intent of § 330.52 is to prevent a city from becoming liable for injury caused by the negligence of the entity performing the contract or lease program for the city. 11 O.S.1971, §§ 330.-51 & 330.52 do not change the previously held authority in this state that the operation *by the City* of its water system is a proprietary function of government. *Okla. City v. Moore*, supra.

█ The City admitted in its answer and brief that Mr. Copeland was an employee of the City Water Department at the time of the accident. When the City is performing a proprietary function it has the same responsibility for the acts of its employees as a private entity in the conduct of that enterprise. *Dill v. Rader*, Okl.App., 533 P.2d 650 (1970). The loaned servant allegation is essential to the City's defense because the negligence of the servant is admitted, leaving only the task of determining which master shall answer for his damage. When a general employee is loaned by the employer to a third person for some special task, so as to become for that service the employee of the third person, the employee must be treated as the third person's employee, in regard to anything done in the third person's employment. *Leach v. Hall*, Okl., 418 P.2d 650 (1966). The controlling factor in whether the employee of the city has become a special or loaned employee of a third person is whether the city has released, for the time required to perform the particular task, to the third person, all authority to control or direct the manner and method of work to be done, and has surrendered such direction and control to the third person. *Leach v. Hall*, supra. Both of the

defendant's witnesses from the City Water Department testified on direct examination that the negligent employee was under the direct authority and control of the City Water Department employees at the time of the accident. The defendant's offer of proof did not purport to show that the employee was a loaned servant as defined in *Leach v. Hall*, supra, but offers to prove the following:

> ". . . The Oklahoma City Water Department . . . is operated under an operating agreement between the City . . . and the Oklahoma Municipal Improvement Authority and covers the entire facilities of said water department, and that their authority to act and any actions that they perform . . . come by and through the authority of the Trust."

This offer of proof does not show that the negligent employee was directly controlled by anyone other than City employees. The objection to the testimony made by opposing counsel was properly sustained inasmuch as what was offered did not tend to establish the traditional concept of loaned servant.

There is no evidence in the record that Billy Copeland was the servant or employee of anyone other than the Oklahoma City Water Department or that he was under the control of any other agency. The trial court committed no error in giving instructions which assumed that the negligent city driver was an employee of the city and not a loaned servant. Where a material fact is undisputed by the evidence, the giving of an instruction assuming that fact is not reversible error. *Vanderslice v. Davis*, 119 Okl. 87, 248 P. 585 (1926). See also: *Skogsburg v. First Nat. Bank of Kingman, Kansas*, 439 P.2d 957 (Okl.1968); *State Bank of Parsons, Kansas v. Elliott*, 447 P.2d 778 (Okl.1968); *Woolfolk v. Semrod*, Okl., 351 P.2d 742 (1960); *Allied Reserve Life Ins. Co. of Okla. City v. Baker*, 337 P.2d 747 (Okl.1959).

AFFIRMED.

BOX and ROMANG, JJ., concur.