** PART I RE: ANTI-NEPOTISM
THIS LETTER IS IN RESPONSE TO YOUR MARCH 6, 1990 LETTER REQUESTING INFORMAL ADVICE ON THE FOLLOWING QUESTIONS:
 (1) WILL THE PRESIDENT OR THE EXECUTIVE OFFICER OF AN INSTITUTION WITHIN THE OKLAHOMA STATE SYSTEM OF HIGHER EDUCATION BE VIOLATING THE ANTI-NEPOTISM STATUTES IF HE APPOINTS A PERSON RELATED TO HIM BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE FOR A POSITION WITHIN THE SAME INSTITUTION?
 A) IS IT A VIOLATION OF THE ANTI-NEPOTISM LAWS IF THE APPOINTEE IN QUESTION 1 DOES NOT REPORT DIRECTLY TO THE PRESIDENT, DOES NOT RECEIVE A SALARY RECOMMENDED OR SET BY THE PRESIDENT AND IS NOT EVALUATED BY THE PRESIDENT?
 2) IS IT A VIOLATION OF THE NEPOTISM LAWS IF THE GOVERNING BOARD OF REGENTS WHICH HAS THE AUTHORITY TO EMPLOY AND TO SET SALARY AMOUNT, APPOINTS A PERSON RELATED WITHIN THE THIRD DEGREE OF CONSANGUINITY OR AFFINITY TO THE PRESIDENT OR CHIEF EXECUTIVE OFFICER OF AN INSTITUTION GOVERNED BY THAT BOARD?
 3) IS IT A VIOLATION OF THE NEPOTISM LAWS IF THE GOVERNING BOARD OF REGENTS VOTES TO CONFIRM THE APPOINTMENT OF A PERSON RELATED WITHIN THE THIRD DEGREE TO THE PRESIDENT OF AN INSTITUTION GOVERNED BY THE BOARD, IF THE SELECTION WAS MADE BY THE PRESIDENT AND SUBMITTED TO THE BOARD FOR CONFIRMATION?
 4) IS THE EMPLOYMENT OF THE INDIVIDUAL MENTIONED IN QUESTION 3 A VIOLATION OF NEPOTISM LAWS IF THE GOVERNING BOARD OF THAT INSTITUTION VOTED TO CONFIRM THE SELECTION AND RECOMMENDATION MADE BY A SEARCH COMMITTEE?
I SHOULD CAUTION YOU AT THE OUTSET THAT THE ADVICE IN THIS LETTER IS ONLY THE OPINION OF THE UNDERSIGNED COUNSEL AND DOES NOT REPRESENT TO BE THE OFFICIAL OPINION OF THE ATTORNEY GENERAL. THE OPINION IS BASED ON THE CURRENT STATE OF THE LAW. THE WRITER IS ALSO MINDFUL THAT THE UNDERLYING FACTS HAVE NOT BEEN ENUNCIATED IN OUR LETTER, AND, A PROPER DETERMINATION COULD ONLY BE MADE BY INTERPRETING THE LAW ON A CASE BY CASE BASIS.
IN RESPONDING TO YOUR QUESTIONS I WILL FIRST OUTLINE THE ANTI NEPOTISM STATUTES. THE DISCUSSION OF ISSUES FOLLOWS THIS INTRODUCTION.
INTRODUCTION
THE ANTI-NEPOTISM STATUTES (21 O.S. 481 — 487) WERE ENACTED BY THE LEGISLATURE IN 1907 AND 1908. THE WORDING OF THESE STATUTES, EXCEPT 484, IS ALMOST UNCHANGED SINCE THEY WERE ORIGINALLY ENACTED. IN 1988, THE LEGISLATURE AMENDED 484 TO ADOPT THE PREVAILING INTERPRETATION.
21 O.S. 481 IS AN ANTI-NEPOTISM STATUTE THAT MAKES IT UNLAWFUL FOR ANY LEGISLATIVE, JUDICIAL, EXECUTIVE OR MINISTERIAL OFFICER TO APPOINT OR VOTE FOR THE APPOINTMENT OF ANY PERSON RELATED TO SUCH OFFICER BY BLOOD OR MARRIAGE WITHIN THE THIRD DEGREE WHEN SUCH EMPLOYEE'S SALARY IS TO BE PAID FROM PUBLIC FUNDS.
21 O.S. 482 DECLARES IT UNLAWFUL FOR ANY OFFICER MENTIONED IN 481 TO PAY OR AUTHORIZE THE PAYMENT OUT OF PUBLIC FUNDS THE SALARY, WAGES, PAY OR COMPENSATION OF THE INELIGIBLE RELATIVE.
21 O.S. 483 PREVENTS ONE OFFICER FROM APPOINTING A PERSON RELATED WITHIN THE THIRD DEGREE TO ANY OFFICE WHEN A RECIPROCAL AGREEMENT IS PART OF THE CONSIDERATION FOR SUCH EMPLOYMENT.
21 O.S. 484 IS LIMITED TO THE STATE GOVERNMENT AND PROHIBITS AN ELECTED MEMBER FROM EMPLOYING A PERSON RELATED TO THE MEMBER WITHIN THE THIRD DEGREE OF AFFINITY OR CONSANGUINITY, WITHIN THE SAME AGENCY AS THE ELECTED MEMBER. THE STATUTE WAS AMENDED IN 1988. THE PRIOR LAW WAS BROADER, PROHIBITING EMPLOYMENT WITHIN THE SAME BRANCH OF THE STATE GOVERNMENT.
SECTION 485-486 PROVIDE THAT VIOLATIONS OF THE NEPOTISM LAWS ARE MISDEMEANORS SUBJECT TO PENALTIES INCLUDING FINES OF $100 AND UP TO $1000 (485), AND TO REMOVAL FROM OFFICE (486).
487 DEFINES THE PERSONS AFFECTED BY THE ACT. IT PROVIDES:
 "UNDER THE DESIGNATION EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER AS MENTIONED HEREIN ARE INCLUDED THE GOVERNOR, LIEUTENANT GOVERNOR, SPEAKER OF THE HOUSE OF REPRESENTATIVES, CORPORATION COMMISSIONERS, ALL HEADS OF THE DEPARTMENTS OF THE STATE GOVERNMENT, JUDGES OF ALL COURTS OF THIS STATE, MAYORS, CLERKS, COUNCILMEN, TRUSTEES, COMMISSIONERS AND OTHER OFFICERS OF ALL INCORPORATED CITIES AND TOWNS, PUBLIC SCHOOL TRUSTEES, OFFICERS AND BOARDS OF MANAGERS OF THE STATE UNIVERSITY AND ITS SEVERAL BRANCHES, STATE NORMALS, THE PENITENTIARIES AND ELEEMOSYNARY INSTITUTIONS, MEMBERS OF THE COMMISSIONERS COURT, AND ALL OTHER OFFICIALS OF THE STATE, DISTRICT, COUNTY, CITIES OR OTHER MUNICIPAL SUBDIVISIONS OF THE STATE."
THERE ARE VERY FEW OKLAHOMA DECISIONS INTERPRETING THESE STATUTES: STATE V. RAEDEKER, 13 P.2D 148 (OKLA. 1932) COUNTY COMMISSIONER CONTRACTED WITH BROTHER; TOWN OF HALLETT V. STEPHENS, 256 P. 921 (OKLA. 1927), (A WORKERS COMPENSATION CASE INVOLVING A RELATIVE OF AN OFFICER; THE COURT SAID THAT THE PENALTY OF THE ANTI-NEPOTISM LAW APPLIES NOT TO THE INELIGIBLE RELATIVE BUT IS DIRECTED AGAINST THE EMPLOYING OFFICER); REDDELL V. STATE, 170 P. 273 (OKL.CR.1918).
REDDELL V. STATE, ID, IS STILL THE LEADING OKLAHOMA CASE INTERPRETING THE ANTI-NEPOTISM STATUTES.
IN REDDELL A SCHOOL BOARD MEMBER WAS CONVICTED FOR HIRING HIS SON-IN-LAW TO DO HAULING WORK. THE COURT REVERSED HIS CONVICTION ON THE GROUNDS THAT THE SON-IN-LAW'S HIRING WAS NOT AN APPOINTMENT; HE MERELY DID ODD JOBS FOR THE SCHOOL DISTRICT. IN SO HOLDING THE COURT MADE A NARROW AND A LITERAL CONSTRUCTION OF THIS PENAL STATUTE. IT SAID:
 ". . . IF THE LEGISLATURE INTENDED TO COVER SUCH A PRACTICE BY THE ENACTMENT, OR DESIRED TO DO SO, THE LANGUAGE OF THE ACT SHOULD, AND UNDOUBTEDLY WOULD, HAVE BEEN MORE DEFINITE AND CLEAR. SUCH THE LEGISLATURE MAY EASILY REMEDY BY BROADENING THE WORDING OF THE STATUTE."
THIS COURT CANNOT READ SUCH A MEANING INTO THIS STATUTE AS IT NOW STANDS.
ASIDE FROM THESE FEW CASES THERE ARE INNUMERABLE ATTORNEY GENERAL OPINIONS INTERPRETING THESE STATUTES. THERE ARE NONE DIRECTLY ON POINT.
DISCUSSION OF ISSUES
QUESTION 1
WILL THE PRESIDENT OR THE EXECUTIVE OFFICER OF AN INSTITUTION WITHIN THE OKLAHOMA STATE SYSTEM OF HIGHER EDUCATION BE VIOLATING THE ANTI-NEPOTISM STATUTES IF HE APPOINTS A PERSON RELATED TO HIM BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE FOR A POSITION WITHIN THE SAME INSTITUTION?
A) IS IT A VIOLATION OF THE ANTI-NEPOTISM LAWS IF THE APPOINTEE IN QUESTION 1 DOES NOT REPORT DIRECTLY TO THE PRESIDENT, DOES NOT RECEIVE A SALARY RECOMMENDED OR SET BY THE PRESIDENT AND IS NOT EVALUATED BY THE PRESIDENT?
THE ANSWER TO QUESTION 1, IS, YES, IT WOULD BE A VIOLATION OF 21 O.S. 481 FOR THE PRESIDENT OR THE CHIEF EXECUTIVE OFFICER OF AN INSTITUTION WITHIN THE OKLAHOMA STATE SYSTEM OF HIGHER EDUCATION TO APPOINT A PERSON RELATED TO HIM WITHIN THE THIRD DEGREE OF CONSANGUINITY OR AFFINITY TO A POSITION WITHIN THE SAME INSTITUTION. SECTION 481 CLEARLY PROVIDES THAT:
 IT SHALL BE UNLAWFUL FOR ANY SUCH EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER TO APPOINT OR VOTE FOR THE APPOINTMENT OF ANY PERSON RELATED TO HIM BY AFFINITY OR CONSANGUINITY WITHIN THE THIRD DEGREE, TO ANY CLERKSHIP, OFFICE, POSITION, EMPLOYMENT OR DUTY IN ANY DEPARTMENT OF THE STATE . . . GOVERNMENT OF WHICH SUCH EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER REDDELL V. STATE, 170 P. 273 AT 274. "IS A MEMBER, WHEN THE SALARY, WAGES, PAY OR COMPENSATION OF SUCH APPOINTEE IS PAID OUT OF THE PUBLIC FUNDS OR FEES OF SUCH OFFICE." 21 O.S. 487 DELINEATES THE OFFICERS AFFECTED BY THE NEPOTISM ACT. IT PROVIDES:
 "UNDER THE DESIGNATION EXECUTIVE, LEGISLATIVE, MINISTERIAL OR JUDICIAL OFFICER AS MENTIONED HEREIN ARE INCLUDED THE GOVERNOR, LIEUTENANT GOVERNOR, SPEAKER OF THE HOUSE OF REPRESENTATIVES, CORPORATION COMMISSIONERS, ALL THE HEADS OF THE DEPARTMENTS OF THE STATE GOVERNMENT, . . . OFFICERS AND BOARDS OF MANAGERS OF THE STATE UNIVERSITY AND ITS SEVERAL BRANCHES . . . AND ALL OTHER OFFICIALS OF THE STATE. . . . (EMPHASIS ADDED)."
ALL INSTITUTIONS WITHIN THE OKLAHOMA STATE SYSTEM OF HIGHER EDUCATION ARE SUBJECT TO THE PROHIBITIONS OF THE NEPOTISM LAWS. ATTORNEY GENERAL OPIN. NO. 80-018. THE PRESIDENT OF AN INSTITUTION WITHIN THE STATE SYSTEM IS ITS CHIEF EXECUTIVE OFFICER AND IS SUBJECT TO THE PROHIBITIONS OF 481. HE IS ALSO AN EXECUTIVE OFFICER OF A STATE UNIVERSITY WITHIN THE MEANING OF 487. THE PRESIDENT, AS THE EXECUTIVE OFFICER, IS PROHIBITED FROM APPOINTING HIS INELIGIBLE RELATIVE UNDER 481, AND IS ALSO PROHIBITED FROM AUTHORIZING THE PAYMENT OF THE INELIGIBLE RELATIVE'S COMPENSATION FROM THE INSTITUTION'S FUND.
THE STATUTORY PROHIBITION IS AGAINST THE APPOINTMENT OF THE INELIGIBLE RELATIVE. 21 O.S. 481.2 THE STATUTE IS SILENT WITH REGARDS TO OTHER EMPLOYMENT DECISIONS SUCH AS SALARY AND PROMOTION. THE PROHIBITION OF 481 APPLIES ANYTIME AN OFFICER EMPLOYS AN INELIGIBLE RELATIVE AS A SUBORDINATE WITHIN THE SAME DEPARTMENT IN WHICH THE OFFICIAL IS A MEMBER AND WHEN PUBLIC FUNDS ARE USED TO COMPENSATE THE RELATIVE. SINCE THE STATUTE PROHIBITS THE EMPLOYMENT OF AN INELIGIBLE RELATIVE, OTHER EMPLOYMENT DECISIONS, BECOME PROBLEMATIC. IN ATTORNEY GENERAL OPIN. NO. 88-045, THE ATTORNEY GENERAL STATED, IN DICTA, THAT "A CHANGE IN OB RESPONSIBILITIES OR COMPENSATION WOULD CONSTITUTE A NEW APPOINTMENT," WHICH BY IMPLICATION WOULD BE PROHIBITED BY 481. THIS ISSUE IS BEING REVIEWED IN AN OPINION REQUEST PRESENTLY PENDING BEFORE THE ATTORNEY GENERAL.